### Mowat and others *v.* Brown and others.

*(Circuit Court, D. Minnesota. January 10, 1884.)*

1. COUNSEL'S FEES—LAW OF ONTARIO.
   In the province of Ontario it is settled, by the case of *McDougal* v. *Campbell*, that a barrister can maintain an action to recover his fees for services rendered as counsel.
2. SAME—BILL OF EXCHANGE—CONSIDERATION.
   Even in those jurisdictions where a counsel cannot collect his fees by process of law, an action will lie upon a bill of exchange or promissory note given in consideration of his services.

Stipulation is filed waiving a jury, and the case is tried by the court. The action is brought upon a bill of exchange accepted by the drawee:

[Stamp.]
"$1,000. TORONTO, April 20, 1880.
"Three months after date pay to the order of ourselves, at the Bank of Commerce, here, one thousand dollars, value received, and charge to the account of MOWAT, MACLENNAN & DOWNEY.
"*To Mess. Brown & Brown, St. Catherines, Ontario.*"

Indorsed across the face:
"*Accepted.* BROWN & BROWN."

Issue is joined by the answer that the consideration for the bill is barristers' fees, and it is claimed that, by the law of the province of Ontario, in Canada, suit to recover such fees cannot be maintained.

*Atwater & Atwater*, for plaintiffs.

*Welsh & Botkin*, for defendants.

NELSON, J. It is admitted that the law of the province of Ontario governs the contract; and this case has been argued upon the single point whether or not, in this province, a counsel, who is also an attorney, can recover his fees for services rendered as counsel in matters in litigation. It appears to have been decided by the court of queen's bench, in that province, contrary to the law of England, that

counsel can sue for fees. HARRISON, C. J., dissenting. See *McDougall* v. *Campbell*, Easter Term, 1877, (U. C. 41 Q. B. 332.) The chief justice vigorously combats the progressive views asserted by the majority, "as tending to lessen the standard of professional rectitude at the bar." I shall accept this decision of the court as settling the case upon the point controverted, and hold that, in the province of Ontaro, a counsel can maintain a suit for his fees, and that the common-law rule is modified. It may be stated here that in England, where seven-eighths of the barristers reside in the city of London, a change in the organization of the legal profession is mooted[1] to unite the functions of the attorney and barrister in one person, which, if adopted, (as is not unlikely,) will extend to a complete revolution of the common-law doctrine.

But there is another reason for giving the plaintiff judgment which is satisfactory to my mind. The suit is upon a bill of exchange accepted by the defendant. The fact that the common-law doctrine prevails in the province of Ontario, should we admit it, cannot be urged to defeat a recovery in this case. There is nothing in the doctrine of an *honorarium*, or a gratuity, which forbids the client, or attorney, who engages counsel, to give, for the services rendered, his note or similar obligation. An action will lie for its non-payment, as the consideration is not illegal. This is a different thing from suing for fees. See *Mooney* v. *Lloyd*, 5 Serg. & R. 412.

Upon full consideration, I think judgment must be rendered for the amount of the bill of exchange, with interest and costs, and it is so ordered.

---

[1] See article by "English Lawyer" in the *Nation*, December 20, 1883.
[2] Reported by Albert Guilbert, Esq., of the Philadelphia bar.