# OSHKOSH WATERWORKS COMPANY *v.* OSHKOSH.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 74. Argued November 6, 1902.—Decided January 5, 1903.

1. While, in a general sense, the laws in force at the time a contract is made enter into its obligation, parties have no vested right in the particular remedies or modes of procedure then existing.
2. The Legislature may not withdraw all remedies, and thus, in effect, destroy the contract; nor impose such new restrictions or conditions as would materially delay or embarrass the enforcement of rights under the contract, according to the course of justice as established when the contract was made. Neither could be done without impairing the obligation

of the contract. But the Legislature may change existing remedies or modes of procedure, without impairing the obligation of contracts, if a substantial or efficacious remedy remains or is provided, by means of which a party can enforce his rights under the contract.

The contract clause of the Constitution of the United States has reference only to a statute of a State enacted *after* the making of the contract whose obligation is alleged to have been impaired.

THE case is stated in the opinion of the court.

*Mr. Moses Hooper* for plaintiff in error.

*Mr. John F. Kluwin* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This case presents a question under the clause of the Constitution of the United States which prohibits a State from passing a law impairing the obligation of contracts.

The question arose upon demurrer by the defendant, the city of Oshkosh, to the complaint filed against it on the 16th day of June, 1900, by the Oshkosh Waterworks Company, a municipal corporation of Wisconsin. The principal ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

The complaint set forth two causes of action, on the first one of which the company claimed a judgment for $4085, which was alleged to be due from the city under an agreement made between it and the company on June 18, 1883, in reference to the building and maintaining by the company of a waterworks plant for supplying water for domestic and fire purposes, and the renting of public fire hydrants.

On the second cause of action the company asked a judgment for $1060, which amount was claimed under an agreement of the 31st day of August, 1891, having reference to the company's extensions of its then existing mains, and the rentals to be paid by the city for hydrants to be located on such extensions.

After the contract of 1883 was made the charter of the city was amended and revised—the revision taking effect March 23, 1891.

The revised charter contained certain provisions as to suits against the city, imposing on suitors conditions or restrictions that did not previously exist.

The company insisted that the revised charter could not be applied to this suit without impairing the obligation of its contracts with the city. This view was rejected by the state court, the demurrer was sustained and the suit dismissed.

The general principles which must control in determining whether a state enactment impairs the obligation of contracts have become so firmly established by the decisions of this court that any further discussion of their soundness would be inappropriate. It is only necessary to recall them, and then ascertain their applicability to the particular state legislation now alleged to be repugnant to the Constitution of the United States.

It is well settled that while, in a general sense, the laws in force at the time a contract is made enter into its obligation, parties have no vested right in the particular remedies or modes of procedure then existing. It is true the Legislature may not withdraw all remedies, and thus, in effect, destroy the contract; nor may it impose such new restrictions or conditions as would materially delay or embarrass the enforcement of rights under the contract according to the usual course of justice as established when the contract was made. Neither could be done without impairing the obligation of the contract. But it is equally well settled that the Legislature may modify or change existing remedies or prescribe new modes of procedure, without impairing the obligation of contracts, provided a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract. *Green* v. *Biddle,* 8 Wheat. 1, 85; *Bronson* v. *Kinzie,* 1 How. 311, 317; *Planters' Bank* v. *Sharp,* 6 How. 301, 327; *Walker* v. *Whitehead,* 16 Wall. 314, 317; *Murray* v. *Charleston,* 96 U. S. 432, 438; *Edwards* v. *Kearzey,* 96 U. S. 595, 601; *Vance* v. *Vance,* 108 U. S. 514, 518; *McGahey* v. *Virginia,* 135 U. S. 685, 693; *Barnitz* v. *Beverly,* 163 U. S. 118; *McCullough* v. *Virginia,* 172 U. S. 102, 104. The decisions of the Supreme Court of Wisconsin as to what are to be deemed laws impairing the obli-

gations of contracts are in harmony with the decisions of this court. *Lightfoot* v. *Cole*, 1 Wisconsin, 26, 34; *Von Baumbach* v. *Bade*, 9 Wisconsin, 559; *Paine* v. *Woodworth*, 15 Wisconsin, 298; *Northwestern Mut. Ins. Co.* v. *Neeves*, 46 Wisconsin, 147; *Lee* v. *Buckheit*, 49 Wisconsin, 54; *Rosenthal* v. *Wehe*, 58 Wisconsin, 621.

Having these principles in view, we proceed to inquire whether the revised charter of Oshkosh so changed existing remedies for the enforcement of contract rights against municipal corporations as to impair the obligation of the contract made in 1883 between the Waterworks Company and the city.

By the act of the Wisconsin Legislature revising and amending the charter of the city of Oshkosh, that municipal corporation was made capable of suing and being sued in all courts of law and equity. Laws of Wisconsin, 1883, vol. 2, p. 687, c. 1, § 1. The same act provided that all moneys, credits and demands of the city should be under the control of the common council, and " be drawn out only upon the order of the mayor and city clerk, duly authorized by a vote of the common council." 2 Laws of 1883, p. 724, c. 7, § 1. It was further provided that " any account or demand against the city, before acted on or paid, the council may require the same to be verified by affidavit, except salaries and amounts previously fixed or determined by law, and any person who shall falsely swear to any such amount or demand shall be deemed guilty of perjury, and shall be punished according to law." 2 Laws of 1883, p. 726, c. 7, § 10.

The Supreme Court of Wisconsin, in its opinion, states that except for the above restrictions upon the payment of money, the city of Oshkosh was, in 1883, subject to be sued upon contract liability like any private person or corporation.

But by the city's amended charter of 1891 certain changes were made, and the question is whether those changes, if applied to the contract of 1883, would impair its obligation. 2 Laws of Wisconsin, 1891, p. 321, c. 59.

The revised charter retained substantially the above provisions in the charter of 1883, and the following, among other, additions, were made:

" § 4. No action shall be maintained by any person against the city upon any claim or demand until such person first shall have presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part: *Provided*, That the failure of such common council to pass upon such claim within sixty days after the presentation of such claim shall be deemed a disallowance thereof.

" § 5. The determination of the common council disallowing in whole or in part any claim shall be final and conclusive, and a bar to any action in any court founded on such claim, unless an appeal be taken from the decision of such common council as in this act provided.

" § 6. Whenever any claim against the city shall be disallowed in whole or in part by the common council, such person may appeal from the decision of such common council disallowing said claim to the Circuit Court of the county in which the city is situated, by causing a written notice of such appeal to be served on the clerk of the city within twenty days after the making of the decision disallowing such claim; and by executing a bond to the city in the sum of one hundred and fifty dollars, with two sureties to be approved by the city attorney and comptroller, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant in the Circuit Court. The clerk, in case such appeal is taken, shall make a brief statement of the proceedings had in the case before the common council with its decision thereon and shall transmit the same, together with all the papers in the case, to the clerk of the Circuit [Court] of the county. Such case shall be entered, tried and determined in the same manner as cases originally commenced in said court: *Provided, however*, That whenever an appeal is taken from the allowance made by the common council upon any claim, and the recovery upon such appeal shall not exceed the amount allowed by the common council exclusive of interest upon such allowance, the appellant shall pay the costs of appeal, which shall be deducted from the amount of the recovery; and when the amount of costs exceed the amount recovered, judg-

ment shall be rendered against the appellant for the amount of such excess." 2 Laws of 1891, p. 412, c. 21.

It is not alleged in the complaint that the Waterworks Company before commencing this action presented its claims to the common council for allowance.

The company contends that if the above provisions are construed to mean what the Supreme Court of Wisconsin have declared similar provisions in other municipal charters to mean then such burdens and restrictions have been imposed upon the enforcement of its contract with the city of Oshkosh as to impair its obligation. This suggestion renders it necessary to ascertain the import of those decisions.

In *Drinkwine* v. *City of Eau Claire*, 83 Wisconsin, 428, 430, it appeared that Drinkwine preferred a claim against the city of Eau Claire, which was disallowed by the common council. He appealed from that action of the council, and executed a bond, which recited that he had appealed to *the Circuit Court of Eau Claire County*, and conditioned for the payment of all costs that should be adjudged against him by *the court aforesaid*, and not generally by *the court*, as prescribed by the statute. It was contended that the bond was insufficient since, in the event of a change of venue in the case, the surety would not be bound by a judgment for costs in the court that actually tried the case. After referring to prior cases in that and in other courts, particularly to *Sharp* v. *Bedell*, 10 Illinois, 88, in which it had been held that if an appellant failed to comply substantially with the requirements of the statute in relation to the perfecting of appeals the Circuit Court did not acquire jurisdiction of the person of the opposite party or of the subject matter, and should dismiss the appeal, the Supreme Court of Wisconsin said : ." The liability of a surety is *strictissimi juris*, and cannot be extended by implication. He has a right to stand on the exact words of his contract. . . . The deviation from the statutory requirement is one of substance. The surety may have been quite willing to enter into the engagement to pay the costs, if the appellant should be defeated on a trial in Eau Claire County, in the city where the alleged cause of action arose, and quite unwilling to undertake for the pay-

ment of the costs, in like event, of a trial in a distant county, greatly increased by the travel of witnesses and the costs of subpœnaing them. A similar ruling in *Myres* v. *Parker*, 6 Ohio St. 502–504, sustains the conclusion at which we have arrived, that the bond under consideration is not a substantial compliance with the statute." The ruling in the *Drinkwine* case was reaffirmed in *Oshkosh Water Works Co.* v. *City of Oshkosh*, 106 Wisconsin, 85, and in other cases.

In *Mason* v. *Ashland*, 98 Wisconsin, 540–547, it was held that, under the charter of the city of Ashland, the right of appeal from the disallowance of a claim by the common council was perfect at the expiration of sixty days from the filing of the claim with its clerk, and that the claimant " was obliged to exercise it within the twenty days allowed by statute, or be forever barred from thereafter prosecuting his claim in any court" —citing *Fleming* v. *Appleton*, 55 Wisconsin, 90, and *Kock* v. *Ashland*, 83 Wisconsin, 361.

In *Telford* v. *City of Ashland*, 100 Wisconsin, 238, it was adjudged that as the objection that the appeal was not taken within twenty days after the adverse action of the council goes to the jurisdiction of the subject matter, it may be raised for the first time in the appellate court.

In *Seegar* v. *City of Ashland*, 101 Wisconsin, 515, it was held that under a provision in a city charter to the effect that in case any person presented his claim or demand against the city, which the common council disallowed in whole or in part, the council " shall not again consider or allow such claim," and its failure to act upon a claim within sixty days after being presented was equivalent to a disallowance—the right to appeal therefrom expiring in twenty days after such disallowance.

Accepting these decisions as our guide in determining the meaning and effect of the provisions in the revised charter of Oshkosh, we perceive no reason for holding that the change in remedies made by that charter impair, in the constitutional sense, the obligation of the contract of 1883 between the Waterworks Company and the city.

The requirement that a claim or demand against the city should be presented to the common council and be disallowed,

in whole or in part, before the city can be subjected to suit upon it, is a reasonable regulation for the protection of the city against the cost of unnecessary litigation. It does not affect the substance of the creditor's right, without being unreasonably delayed, to institute an action against the city. It only stays his hand until the city has full opportunity to look into his claim before paying or refusing to pay it. Nor does the above regulation unduly obstruct the creditor; for, by it the city is in effect allowed only sixty days for such examination, and the creditor is protected against a vexatious or indefinite delay by the provision that the failure of the council, for sixty days, to pass upon the claim shall be deemed a disallowance thereof, and the creditor may at once appeal to the Circuit Court of the county. In that court the necessary issues can be framed, under the direction of the court, and according to the usual modes of pleading, and the rights of the parties judicially ascertained and enforced.

Equally without merit is the objection to that clause of the revised charter making the disallowance of a claim, in whole or in part, by the council, final and conclusive, unless an appeal be taken to the Circuit Court of the county within a prescribed time. We take it that the purpose of that provision was to protect the public against the dangers attending persistent and frequent applications to the common council after it had once acted and to compel claimants to proceed with promptness while all the facts connected with their demands were fresh in the minds of the members of the council. This is a wholesome regulation, of which no creditor can justly complain, since the charter enables him, without serious delay, after the disallowance of his claim, to invoke the jurisdiction of a court of general jurisdiction for the enforcement of such claim.

But it is earnestly insisted by the Waterworks Company that the provision requiring an appeal from the disallowance of a claim to be perfected within twenty days thereafter is so unreasonable, in the matter of time, as, by its necessary operation, to impair the obligation of its contracts with the city. We cannot assent to this view. The time within which the creditor must perfect his appeal is undoubtedly short. But it is

sufficient for the purpose of enabling him to get his case, with reasonable dispatch, into the Circuit Court and have its judgment as to his claim against the city, with the same right that other litigants have to take the case to the highest court of the State. Here again is disclosed the purpose of the Legislature to bring to a speedy conclusion all disputes as to claims against the city. It surely was competent for the Legislature to effect such an object, and it cannot be said, as matter of law, that a provision requiring the creditor within twenty days after the disallowance of his claim to serve notice of appeal on the city clerk materially affects or obstructs the presentation of his claim to the proper Circuit Court.

Objection is also made to the requirement in the new charter that the appeal bond shall be approved by both the city attorney and comptroller. In support of that objection it is said that one or the other or both of those officers *might* be absent from the city at the time the bond is tendered by the creditor; also, that one or both of them *might* object to the bond when he ought to accept it as sufficient. But these contingencies may never arise. They certainly have not arisen in respect of the claim of the Waterworks Company, for it is not alleged that the company ever presented its claim to the common council for allowance, and consequently had no occasion to tender the city attorney and comptroller an appeal bond. Besides, it is not at all clear that the revised charter requires, as a condition of the right to appeal, that a bond be executed by the creditor within twenty days after the disallowance of his claim by the common council. It does expressly require that the notice of appeal shall be served within that time on the clerk of the city, but no such absolute requirement is made as to the time within which the appeal bond must be executed. It may be that a construction that would defeat the creditor's appeal, because of the absence of the city attorney and comptroller, or either of them, at the time a bond is tendered for their approval, or a refusal to approve a bond that was sufficient, would make the revised charter, in its application to such a case, repugnant to the contract clause of the Constitution. But no such case is now presented, and no such question

as that suggested need be now decided. It should not be assumed that the right of appeal will be lost where the creditor has done all that was required in order to perfect his appeal. As the Waterworks Company does not allege that it presented its claim to the common council for allowance, it is not in a position to ask a judicial determination of a question that cannot arise in this case.

Another objection remains to be noticed. It is founded on the decision in *Drinkwine* v. *City of Eau Claire*, 83 Wisconsin, 428, above cited, in which it was held that the appeal bond provided in the charter of Eau Claire must relate to costs as adjudged by the Circuit Court, and not by the Circuit Court of any named county. We have seen what were the reasons that governed the Supreme Court of Wisconsin in so interpreting a provision similar to the one here in question in the revised charter of the city of Oshkosh. If that interpretation was, as suggested, too technical it would not follow that the charter thus construed would impair the obligation of contracts. It would be extraordinary if this court should hold the new remedies and modes of procedure provided by the revised charter to be illegal because of the possibility that a creditor might, by mistake or carelessness, execute a bond not conditioned, as required by that charter, for the payment of the costs adjudged by the Circuit Court, generally, but by a named Circuit Court.

As to the contention that the obligation of the contract of August 31, 1891, was impaired by the revised charter, it is sufficient to say that that charter went into operation March 23, 1891. The contract of 1891 was a new contract, independent of that of 1883, and the Waterworks Company could not therefore say that its obligation was impaired by a statute in force at the time the contract was made. The contract clause of the Constitution of the United States has reference only to a statute of a State enacted after the making of the contract whose obligation is alleged to have been impaired. *Lehigh Water Co.* v. *Easton*, 121 U. S. 388, 391; *Pinney* v. *Nelson*, 183 U. S. 144, 147; *New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336, 351. If, however, the agreement of 1891 had such connection with that of 1883 that they may be regarded as one agreement,

then what has been said as to the application of the revised charter to the contract of 1883 applies, in all respects, to that of 1891. The obligation of neither contract was impaired by the charter of 1891.

We have noticed all the points that require consideration, and adjudge, therefore, that the changes made by the revised charter of Oshkosh in respect of remedies for the enforcement of claims against that city provided for its creditors a substantial and adequate remedy, and therefore did not impair the obligation of contracts with that municipal corporation.

The judgment of the Supreme Court of Wisconsin must be

*Affirmed.*