**EMPIRE STATE INSURANCE COMPANY, Appellant,**

v.

**Philip CHAFETZ, Appellee.**

**Philip CHAFETZ, Appellant,**

v.

**EMPIRE STATE INSURANCE COMPANY, Appellee.**

**No. 17916.**

United States Court of Appeals Fifth Circuit.

April 26, 1960.

On Petition for Clarification May 25, 1960.

George J. Baya, Miami, Fla., for appellant.

Murray H. Dubbin, Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal and cross appeal in a hard fought fire insurance case resulting in a jury verdict for the insured for a partial loss.

It is apparent from all the testimony, photographic exhibits, and the official action taken by the City of Miami, that the property was badly deteriorated residential property at the time it was insured. The defendant issued its $10,000 policy, which is a valued policy in the State of Florida, F.S. Section 631.04, F.S.A. on the property. The jury on instructions, not erroneous in any respect complained of by appellant, found against the defendant's various claims of increase of risk, fraud in procurement, false statement in filing proof of loss, and deprivation by the insured of the insuror's option to rebuild. The jury rendered a verdict for the plaintiff for the sum of $4,103.

We find no basis on the record to conclude that appellant has any legal ground of complaint.

Turning to the cross appeal, we find that the only substantial point arises from the contention of the owner that the Trial Court did not adequately submit to the jury his claim that he was entitled to compensation for a total loss by reason of the fact that the city's Department of Slum Rehabilitation and Prevention validly required the demolition of the remaining structure as a consequence of the damage caused by the fire.

The parties do not disagree as to the right of the city constitutionally to cause the demolition of structures rendered so dangerous by fire or other casualty as to become a menace to public health or safety. In fact, appellant did not challenge the validity of the ordinance, but cited Florida authorities for the proposition that the requirements of the ordinance leading up to an order of demolition must be strictly complied with. See Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So. 145, 152.

The appellant did contend that an earlier ordinance authorized the owner of a non-conforming building under zoning regulations to be rebuilt at the election of the owner if not more than 75% destroyed, and that here there was no proof of such a high percentage of deterioration or destruction. It is clear that city authorities in ordering the razing of this building acted under the provisions of Ordinance No. 3963, which authorized a demolition order if the building had lost as much as 50% of its value.

We conclude that the ordinance was applicable to the property in question, but we agree with the appellant that the question whether the city officials had an adequate basis for finding 50% deterioration is open for consideration by the Trial Court. See Citizens Insurance Company v. Barnes, a Florida case, 98 Fla. 933, 124 So. 722.

Here, however, the Trial Court did not really submit this issue to the jury. The court apparently confused the power of the government, in the exercise of its police power, to condemn an unsafe building with the prohibition in the United States Constitution against taking private property without just compensation. In the Florida case of Pasternack v. Bennett, 138 Fla. 663, 190 So. 56, 59, the distinction is made:

> "The exercise of the police power by the destruction of property which is itself a public nuisance, or the prohibition of its use in a particular way, whereby its value becomes depreciated, is very different from taking property for public use, or from depriving a person of his property without due process of law. In the one case, a nuisance only is abated; in the other, unoffending property is taken away from an innocent owner."

See also State Plant Board v. Smith, Fla., 110 So.2d 401, 405, where the Florida court said:

> "To destroy property because it is a public nuisance is not to appropriate it to public use, but to prevent any use of it by the owner, and to put an end to its existence, because

it could not be used consistently with the maxim, sic utere tuo ut alienum non laedas."

In giving the charge to the jury, over objections by cross appellant the Trial Court said:

"The defendant contends that the City is forbidden by the U. S. Constitution to act as it did, if the deterioration of the building was only 50 per cent. The Constitution of the United States provides that no private property shall be taken for public use except upon payment of just compensation. Just compensation has been determined to be the market value of the property taken. If you find from the evidence that the part of the building which remained after the fire had a market value, that the order of the Department of Slum Rehabilitation cannot have the effect of making the fire loss a total loss."

It is impossible on the record here to determine whether the jury's verdict of $4,103. instead of the face amount of the policy was predicated on its determination that the order of demolition was not adequately based or on the instruction of the court that the jury could not find a total loss even under the city ordinance if there was any remaining market value of the building. It is manifest therefore, that the erroneous charge was prejudicial to the cross appellant and requires a reversal.

The cross appellant's contention that he should have had a directed verdict for the face amount of the policy is without merit. There were numerous fact issues that were properly presented to the jury, including the issue whether the order of demolition was adequately based.

The judgment is reversed on the cross appeal and the cause is remanded to the Trial Court for further proceedings not inconsistent with this opinion.

On Petition for Clarification

PER CURIAM.

It is ordered that the Petition for Clarification filed in the above styled and numbered cause be, and the same is, hereby denied.