**EMPIRE STATE INSURANCE COM-
PANY, Appellant,**

v.

**Phillip CHAFETZ, Appellee.**

**No. 19081.**

United States Court of Appeals
Fifth Circuit.

May 9, 1962.

George J. Baya, Miami, Fla., for appellant.

Murray H. Dubbin, Miami, Fla., Dubbin, Schiff, Berkman & Dubbin, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This appeal is from the award of a modest fee to the attorneys representing appellee in the successful trial of an action brought on a fire insurance policy against appellant, and on a successful cross-appeal to this court. 278 F.2d 41. They then represented appellee at the pre-trial conference prior to the second trial and prepared a memorandum of law and outline of the case for the second trial. At this point appellee and his attorneys came to a parting of the ways because appellee failed and refused to pay certain out-of-pocket expenses due the attorneys. The court allowed the attorneys to withdraw from the case on motion and appellee appeared in propria personam in the second trial which resulted in a verdict and judgment in his favor against the insurance company. Thereafter the court awarded an attorney's fee under § 627.0127, Fla.Statutes, F.S.A.,[1] based on the services rendered by them prior to withdrawal. The amount of the fee is not contested.

█ The statute in existence at the time of the institution of the suit against appellant provided for the award of attorney's fees upon the rendition of judgment against any insurer in favor of the beneficiary of any policy or contract of insurance in a reasonable sum to be fixed by the court in chancery cases and the jury in common law actions. § 625.08, Fla. Statutes.[2] The fee was to cover compensation for the attorneys of the insured in prosecuting the suit in which the recovery was had and was to be ascertained and fixed from testimony adduced for that purpose. The jury fixed the fee in the first trial.

This statute had been superseded by the time of the second trial by § 627.0127, Fla. Statutes, F.S.A., supra. It was substantially the same as the old statute except that it provided that the trial judge should fix the fee.

Appellant specifies as error the award of the fee because the attorneys did not conduct the trial in which the recovery was had. Then, in a manner hardly contemplated by our Rule 24, 28 U.S.C.A., this simple specification is bolstered by contentions inter-twined in the argument that the new statute is unconstitutional in several respects.

The court did not err in awarding the fee because the attorneys did not handle the last trial. They prosecuted the action within the language of the statute through one trial, a successful appeal and up to the next trial. They had just cause to withdraw from the representation and did so with the approval of the court. They were entitled to compensation for services rendered before withdrawal. This was a matter for the trial court under the statute and is settled law. We find no error in his handling of it. 3 Fla.Jur., § 61, p. 396; 5 Am.Jur., Attorneys at Law, § 171, p. 364.

█ The argument that the statute under which the fee was awarded is unconstitutional as being in contravention of § 1 of the Declaration of Rights of the Constitution of the State of Florida,

1. "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. * * *"

2. "Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of in-

surance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had.

"The amount to be recovered for fees and compensation for attorneys and solicitors against such insurer shall be ascertained and fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, * * *."

F.S.A. has been answered adversely to appellant by the Supreme Court of Florida in the case of New York Life Insurance Company v. Lecks, 1935, 122 Fla. 127, 165 So. 50 where a similar predecessor Florida statute [3] was held not to violate that section of the Florida Constitution.

Appellant urges that this statute violates the Due Process and Equal Protection clauses of the Fourteenth Amendment, but this too has been answered adversely to appellant by the Supreme Court of the United States in Farmers and Merchants Insurance Company v. Dobney, 1903, 189 U.S. 301, 23 S.Ct. 565, 47 L.Ed. 821; and in Life and Casualty Insurance Company of Tennessee v. McCray, 1934, 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987 where Mr. Justice Cardozo, speaking for the court, said:

> "We assume in accordance with the assumption of the court below that payment was resisted in good faith and upon reasonable grounds. Even so the unsuccessful defendant must pay the adversary's costs, and costs in the discretion of the lawmaker's may include the fees of an attorney. There are systems of procedure neither arbitrary nor unenlightened, and of a stock akin to ours, in which submission to such a burden is the normal lot of the defeated litigant, whether plaintiff or defendant. The taxing master in the English courts may allow the charges of the barrister as well as the fees of the solicitor. Nothing in the Fourteenth Amendment forbids a like procedure here."

■■ Next we are told that this Florida statute violates the Seventh Amendment in that it denies the appellant a jury trial on the matter of fees. This Amendment in effect adopted the rules of the common law in respect to trial by jury as those rules existed in 1791. Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150; Baltimore and Carolina Line, Inc. v. Redmond, 1934, 295 U.S. 654, 657, 55 S.Ct. 890, 79 L.Ed. 1636. It preserved the right to jury trial which existed under the common law when the amendment was adopted and does not apply where the proceeding is not in the nature of a suit at common law, as is the case with the statutory proceeding here. Cf. N.L.R.B. v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; Bouis v. Aetna Casualty & Surety Company, W.D.La., 1951, 98 F.Supp. 176; Simmons v. United States, W.D.Ky., 1939, 29 F.Supp. 285. There was no common law right to attorney's fees. Mowat v. Brown, C.C.Minn., 1884, 19 F. 87, 7 C.J.S. Attorney and Client § 160. And this was not a statute undertaking to create an independent right of action for attorneys' fees upon which suit could be maintained seeking a money judgment. It was, rather, merely the statutory grant of attorneys' fees as an incident to the prior judicial determination of another cause of action (insurance policy contract). That statutory "right" in no way resembles a suit at common law so this contention falls.[4]

3. "* * * upon the rendition of a judgment or decree by any of the courts of this State * * * under any policy or contract of insurance * * * there shall be adjudged or decreed * * * in favor of the beneficiary * * * a reasonable sum as fees or compensation for his, her, or their attorneys or solicitors prosecuting the suit in which the recovery is had. * * * Section 6220 (4263), C.G.L."

4. Although not raised in the record or briefs, we point out that the statute in directing that the fee shall be fixed by the court does not "alter the essential character or function of the federal courts" of trial of factual issues by juries so as to render the Erie doctrine [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] inapplicable. Cf. Byrd v. Blue Ridge Rural Electric Co-op., 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 which emphasizes that an important factor in the allocation of fact finding functions between judge and jury in the enforcement of state-created rights in diversity suits is whether the state rule as to the mode of enforcement is so bound up with the state-created rights and obligations as to require its application in the federal courts under Erie.

Neither does the statute impair the contract between the parties here in contravention of Article 1, § 10 of the Constitution. The law of Florida in force at the time the policy was issued became a part of the policy. Bedell v. Lassiter, 1940, 143 Fla. 43, 196 So. 699. That no state statute may be enacted which impairs the obligation of a contract is axiomatic. Trustees of Dartmouth College v. Woodard, 1819, 17 U.S. 518, 4 L.Ed. 629. But this proscription applies to substantive rights as distinguished from mere procedural remedies. Here appellant, the insurance company, was obligated under the Florida law existing at the time the policy was issued to pay such reasonable attorneys' fees as might be fixed by the jury in the event a judgment was rendered against it. This statutory obligation of appellant remained of full force with the adoption of the new law. Only the method of fixing the award was varied by taking it out of the hands of the jury and entrusting it to the trial judge. This change was procedural and in no way increased the statutory burden or obligation of appellant. Therefore, this contention also falls. McGee v. International Life Insurance Company, 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Funkhouser v. J. B. Preston Company, 1933, 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; Home Building and Loan Association v. Blaisdell, 1933, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413; National Surety Company v. Architectural Decorating Company, 1912, 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221; Henley v. Myers, Receiver, 1910, 215 U.S. 373, 30 S.Ct. 148, 54 L.Ed. 240; Bernheimer v. Converse, 1907, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; and Oshkosh Waterworks Company v. City of Oshkosh, 1903, 187 U.S. 437, 23 S.Ct. 234, 47 L.Ed. 249.

The Judgment is
Affirmed.

See 356 U.S. 525 at pp. 535, 536 and 537, 78 S.Ct. 893. Florida presumably had some deliberate policy which it sought to achieve by the amendment which expressly changed the determination of the legal fees from the jury to the trial judge. These might well include such things as familiarity of the Judges as former lawyers with the factors relating to the nature of services, the amount of the fee, and elimination of the possibility of punitive considerations. In any event, it is positive that Florida has inextricably tied the right to attorney fees into the mode or manner of enforcement, i. e., by the Judge, not the jury.