### CAMMACK v. AMERICAN BANKERS INSURANCE CO., et al.
No. 4924.

Circuit Court, Lake County.

March 10, 1970.

H. L. Pringle, Leesburg, for the plaintiff.

Helliwell, Melrose & DeWolf, Miami, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

*Partial summary final judgment:* This cause came on for hearing on all undisposed of pleadings on February 16, 1970. Those pleadings were the complaint, the answer and affirmative defenses of American Bankers Insurance Company, the motions of plaintiff to strike the affirmative defenses and for summary judgment. The plaintiff's proofs consisted of his affidavit that the allegations of the complaint were true except correction of the amount he had been paid under the policy, and the interrogatories propounded to the insurance company and its answers thereto.

Resolute Insurance Company and First State Bank & Trust Company of Eustis have been dismissed from this action by stipulation and will not be further referred to.

The plaintiff favored the court with a memorandum of law at the time of the hearing. Thereafter, defendant replied and the plaintiff filed a reply brief.

With its reply brief the defendant attached an affidavit of one John Dalkin, an employee of defendant. The court cannot consider this affidavit for several reasons. First, it was not served or filed before the hearing. Second, it does not relate to any issues properly before the court in this cause. Third, it recites hearsay. Fourth, it relates largely to matters not pleaded.

In its reply brief, the defendant has argued several matters that conceivably might have been defenses. But these defenses were not pleaded and those arguments must be ignored.

It appears to the court that the facts are not in dispute and that this case should and can be decided solely on the questions of law involved. The facts are that the plaintiff was issued a fire insurance

policy on a mobile home in the amount of $7,000, dated August 15, 1964. On January 15, 1968 the mobile home was totally destroyed by fire. The insurance company paid the plaintiff, or the bank, $3,000 in full settlement of the loss, plus $175 as additional living expense. There is no dispute concerning this latter item.

The plaintiff claims he is entitled to be paid the balance of the full face of the policy, to wit, $4,000, plus interest and attorney's fee, and a pro rata refund of the premium from the date of the loss for the balance of the term. The premium charge was $437.50 for 84 months. The balance of the term subsequent to the loss was 43 months exactly. The pro rata difference is $223.96.

The insurance company claims it is liable only for the actual cash value of the mobile home immediately preceding the loss, as provided in par.B.1.a. of the policy booklet. The plaintiff contends that the provisions of §627.0801, Florida Statutes 1969, apply. This is the Valued Policy Law and it says that when there is a total loss of any building or structure by fire or lightning the insurer's liability shall be in the amount of money for which such property was so insured as specified in the policy and for which premium has been charged and paid. That amount was $7,000.

But par.(4) of the section says — "This section shall not apply as to personal property or any interest therein."

So we have two questions —

(a) Is a mobile home when permanently set on a fixed foundation or concrete blocks, with wheels off the ground, attached to the ground by means of screw anchors, a building or structure, as contemplated by the legislature?

(b) Is a mobile home as described in par.(a) personal property as contemplated by the legislature in §627.0801 (4)?

Plaintiff submitted several cases to the court in which it was directly held that a mobile home is a building or structure. And it must be admitted that the type of mobile home that is now very popular is certainly a building or structure. Such a structure was once mobile and not attached to the ground, hence personal property in legal contemplation.

In Corning v. Town of Ontario, 121 N.Y.S. 2d 288, a zoning case, an owner contended that his mobile home was not a building within the meaning of the zoning ordinance, because it was a movable vehicle. The holding was to the contrary. The court said —

"Mobile it was when used upon the highway, but mobility ceased when it was removed from the highway, attached to

the soil and occupied as living quarters. A metamorphosis has occurred, the mobile vehicle has become a fixed residence. * * *

"A house trailer occupied as living quarters and resting upon jacks has been held to be a building within the provisions of an accident insurance policy providing for double indemnity to one injured by the collapse of the walls or burning of a building."

So we have no difficulty in holding that the mobile home of the plaintiff was a building or structure as contemplated by the legislature when it adopted this section.

But this does not dispose of the problem. Par.(4) removes personal property from the operation of the Act. Obviously par.(1) and par.(4) are in conflict and it is up to this court if it can to resolve the conflict, so as to effectuate the legislative intent. We must bear in mind that where there is ambiguity in the terms of a contract of insurance, it must be fairly resolved in favor of the insured; and where there are conflicting clauses in an insurance policy, the one which affords the most protection to the insured will control, Queens Insurance Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807. See also Inter-Ocean Casualty Co. v. Hunt, 138 Fla.107, 189 So. 240 (1939), Aetna Casualty & Surety Co. v. Cartmel, 87 Fla.495, 100 So. 802 (1924), Martin v. Sun Insurance Office of London, 83 Fla.325, 91 So. 363 (1922).

In the instant case the ambiguity is in the statute, but the statute is part of the policy. Empire State Insurance Co. v. Chafety, 278 F.2d 41 (CA 1960), Citizens' Insurance Company v. Barnes, 98 Fla.993, 124 So. 722 (1929).

The court must construe the statute to resolve the problem. In Florida Jurisprudence we read —

"Owing to the complexities and limitations of language and frequent difficulty in communicating legal concepts in writing, statutory construction often presents problems of no little difficulty. The solution of these problems is ordinarily the province of the judiciary, whose function is to interpret the law and not to legislate." Fla. Jur., *Statutes* §72.

"Most of the various rules or principles for the construction of statutes are designed to subserve one important object, namely, to ascertain the legislative will, and to carry that intent into effect to the fullest degree. To this principle, all rules of statutory construction are subordinate. The legislative intent is the polar star by which the courts must be guided, since it is the essence and vital force behind the law. And the rules of statutory construction are the means by which courts seek to

determine this intent when it is not clear." Fla. Jur., *Statutes* §73.

We conclude that it was the clear intention of the legislature to include buildings or structures within the terms of the Act, whether or not they retained a legal distinction as personal property, when they, for all practical purposes became fixtures on the land. We believe it was the intent of the legislature that par.(4) should mean, "This section shall not apply to personal property, but include buildings or structures even though they may be classed as personal property."

The defendant defends on the sole ground of release by reason of payment of $3,000 in "full and final" settlement. It is significant that the defendant admitted the legal sufficiency of the complaint when it did not move to dismiss the complaint for failure to state a cause of action. When it thus admitted the sufficiency of the complaint, it at the same time nullified any possible effectiveness of the "full and final" settlement. Payment of less than an amount admittedly due does not support a contract of settlement and release. The policy provision that liability should be limited to anything other than the face of the policy is a nullity.

"What the policy gives the policy may take away, but what the statute gives the policy may not take away." Raspall v. Beneficial Fire & Casualty Insurance Company, 226 So.2d 465.

It is easy in the consideration of this case to argue that §627.0801 applies only to real property, because the statute excepted personal property from its operation. Today many buildings and structures are portable and it is physically possible today to move multi-story buildings. We do not believe the legislature intended to exclude buildings or structures merely because they are, because of today's advanced technology, movable. We don't have to decide whether such would be true during an actual moving of the building.

Plaintiff further claims a judgment for the unearned premium for 43 of the 84 months covered by the policy. This is the law and there is no dispute as to the facts.

It is accordingly ordered and adjudged that the plaintiff have and recover of and from the defendant American Bankers Insurance Company the sum of $4,223.96 together with interest thereon at 6% per annum from January 15, 1968 to the date hereof or the sum of $545.59, together with his cost herein taxed in the sum of $45, for which let execution issue.

The plaintiff is entitled to an attorney's fee. As to this the court retains jurisdiction so that the amount thereof may be determined in a proper proceeding.