166 So.2d 443 (1964)
MID-CONTINENT CASUALTY COMPANY, an Oklahoma corporation, Appellant,
v.
Joseph GIULIANO, Appellee.
No. 33218.
Supreme Court of Florida.
July 13, 1964.
*444 L.J. Cushman, Miami, for appellant.
Layne & Israel, Miami, for appellee.
ERVIN, Justice.
This case was appealed from the Civil Court of Record for Dade County, Florida, to the District Court of Appeal, Third District, which transferred it here because the trial judge passed upon the validity of a Florida statute invoking the jurisdiction of this Court under Art. V, Sec. 4(2), Constitution of Florida, F.S.A.
The trial judge held Section 627.0127, Florida Statutes, F.S.A., not violative of Section 3 of the Declaration of Rights of the Florida Constitution, F.S.A., pertaining to the right of trial by jury. Section 627.0127 authorizes a trial judge after judgment or decree against an insurance company upon a policy of insurance to adjudge a reasonable sum as fees or compensation to the beneficiary for the latter's attorney. In this case the trial judge pursuant to the statute adjudged $450 as reasonable attorneys' fees for Appellee. The Appellant contends that a jury trial was necessary for the determination of attorneys' fees. We do not find that the right to a jury trial for attorneys' fees existed under the common law. Therefore, Section 3 of the Declaration of Rights of the Florida Constitution has no application. See Empire State Insurance Co. v. Chafetz, 302 F.2d 828 (5th Cir.1962). Furthermore, under Chapter 627, Florida Statutes, particularly § 627.01091 et seq., it is generally required that policies of insurance providing coverage in Florida with some exceptions *445 conform to our insurance code which includes said section of the code relating to attorneys' fees and operates as a waiver of anything or any impediment to the contrary.
In this case a verdict and judgment was rendered in the amount of $500 plus costs upon the question of liability under the policy. Five Hundred Dollars was the principal amount of the policy. Appellant contends an attorney's fee of $450 is excessive. However, an inspection of the record before us indicates the legal services rendered prior to and at trial were quite extensive in view of the defenses and complexity of the issues and the fee allowed should not in our opinion be disturbed.
Appellant contends Appellee was not entitled to recover upon the policy because the evidence failed to establish that he sustained "bodily injury * * * caused by accident while * * * alighting from" the motor vehicle described in the policy. The quoted verbiage is taken from Appellee's insurance policy.
The Appellee testified before the jury that he had difficulty alighting from his English Ford covered by his insurance policy; that while turning to get out of the small automobile, he twisted his body and suddenly experienced a pain in his back and suffered injury. Two physicians testified Appellee gave them the same version of the accident he later gave the jury.
In view of the language of the policy, coupled with the testimony outlined, we cannot say, as a matter of law, there was an absence of liability. Admittedly, this case is exceptional. Nevertheless the broad language of the policy which employs the word "alighting", coupled with Appellee's testimony that while "alighting" from the small car he was compelled to turn his body twisting his back and immediately suffered an accidental injury, do not appear to us to justify reversing the jury's findings on the ground that as a matter of law there was no accident or injury under the terms of the policy. While the case presents a novel factual situation, we feel the Appellant could have obviated the result reached in the trial court by more narrowly limiting its liability in the provisions of its policy, if that was its object originally.
Affirmed.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, CALDWELL and HOBSON (Ret.), JJ., concur.