340 So.2d 1192 (1976)
Bert A. NEWCOMBE et al., Appellants,
v.
SOUTH FLORIDA BUSINESS NEGOTIATORS, INC., a Florida Corporation, Appellee.
No. 76-1218.
District Court of Appeal of Florida, Second District.
December 8, 1976.
Rehearing Denied January 14, 1977.
*1193 G.E. Carroll, Naples, for appellants.
Robert A. Koppen, Koppen & Watkins, Miami, for appellee.
SCHEB, Judge.
The trial court entered judgment on a jury verdict for $34,500 in favor of appellee/plaintiff against appellants/defendants. Thereafter, the trial judge entered a post trial order awarding plaintiff costs of $953.13, interest of $2,942.50, and attorney's fees of $3,000. After examining the record and briefs and hearing oral argument, we find the only meritorious questions on appeal are whether the trial judge erred in awarding interest and attorney's fees over and above the amount of the jury verdict. On these points, we reverse.
Plaintiff is a business broker whose recovery was based upon its performance under a listing contract whereby Municipal Supply and Sign Corporation gave it an exclusive listing to sell the corporate business. Under the contract, Municipal agreed to pay plaintiff a commission of 15% of the gross sales price for finding a purchaser for its business. Additionally, Municipal agreed to pay:
"... reasonable attorney's fees, court costs, collection fees and expenses including costs incurred by the broker in the enforcement of any of the conditions, terms or provisions of this agreement."
There is substantial competent evidence to sustain the jury's verdict for plaintiff of $34,500. Therefore, the judgment entered thereon by the trial court must be affirmed.
There is no question as to the trial court's authority to enter a post trial order taxing costs, Roberts v. Askew, 260 So.2d 492 (Fla. 1972), and we find no error in the trial judge's order on this point. To the extent, however, that the trial judge awarded interest of $2,942.50 for the period from November 14, 1974 to April 20, 1976 (date of verdict), and attorney's fees of $3,000, the court committed reversible error.
It is proper to allow recovery of prejudgment interest as part of the plaintiff's damages in a breach of contract action, 9A Fla.Jur., Damages, § 87. However, where a case is tried by jury, there is no authority for the trial judge to assess interest over and above the amount awarded by the jury. Shoup v. Waits, 91 Fla. 378, 107 So. 769 (1926); Grayson v. Fishlove, 266 So.2d 38 (Fla.3d DCA 1972); Schulman v. Cort Aviation, 330 So.2d 114 (Fla.3d DCA 1976).
Since many breach of contract actions are tried without a jury, there is a dearth of authority as to whether it is proper for the court to award attorney's fees following a jury verdict. The sole cases we have located on this point are Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla.3d DCA 1961), and Riess v. Goldman, 196 So.2d 184 (Fla.3d DCA 1967), both of which hold that such fees must be awarded by the *1194 jury.[1] We agree with the rationale of these cases decided by our sister court. In a jury trial a claim for attorney's fees predicated upon a provision in the contract between the parties becomes an element of damages and must be determined by the jury.[2] Plaintiff in this case did not produce evidence on attorney's fees before the jury and, therefore, waived any entitlement for this element of damages.
Accordingly, the judgment in favor of the plaintiff in the amount of $34,500 is affirmed; however, the order and judgment taxing costs, adding interest and awarding attorney's fees is vacated and the trial court is directed to enter an amended order deleting therefrom the attorney's fees and prejudgment interest.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] While the trial court assessed attorney's fees following a jury verdict in Grayson v. Fishlove, supra, and the appellate court upheld the reasonableness of the fee, it does not appear that the power of the court to award such fees was an issue before the appellate court.
[2] A different situation prevails, of course, when attorney's fees are awardable by a statute which provides that they are to be assessed by the court. See e.g., §§ 73.091; 627.428, Fla. Stat. (1975).