422 So.2d 993 (1982)
Robert E. LHAMON, D/B/a Hitch-N-Post, Appellant,
v.
RETAIL DEVELOPMENT, INC., Appellee.
No. 82-353.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
*994 John V. Doyle, Daytona Beach, for appellant.
William Hart and Richard L. Gumo, Holly Hill, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment awarding attorney's fees in a breach of contract case. Appellant was the lessee of property owned by appellee and when appellant breached the terms of the lease appellee sued. Among the allegations in the complaint was one regarding attorney's fees. The lease contract provided for attorney's fees should the lessor be required to hire an attorney to collect past due rent. Such was the case and at trial a jury determined appellant was indebted for the rent.
Appellee presented no evidence at trial regarding attorney's fees but waited until the verdict and rent judgment were rendered to present his claim to the judge for the fees. Appellant objected saying the fees were a part of the damages to be considered by the jury at trial for the breach of contract.
The question for us to resolve is who determines the attorney's fees award, the jury or the judge?
There is conflict in earlier decisions on the question but we have followed Newcombe South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976) where Judge Scheb wrote for the court "In a jury trial a claim for attorney's fees predicated upon a provision in the contract between the parties becomes an element of damages and must be determined by the jury." Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982); also see Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977) where it was held "In actions at law, interest and attorney fees are properly recoverable as a part of damages in a breach of contract case and, as such, are to be determined by the jury where a case is tried by a jury." This Third District decision is apparently in conflict with an earlier Third District decision, Richmond v. Lumb, 339 So.2d 1147 (Fla. 3d DCA 1976). See Parker v. Solar Research Corporation, 210 So.2d 271 (Fla. 1st DCA 1968) which is in conflict, as well.
The judgment awarding attorney's fees is
REVERSED.
ORFINGER, C.J., and COWART, J., concur.