434 So.2d 964 (1983)
TAGGART CORPORATION, Appellant,
v.
E. Christopher BENZING, Appellee.
No. 82-1907.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
Rehearing Denied August 10, 1983.
*965 Louis L. Hamby, III, of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellant.
Walter N. Colbath, Jr., P.A., West Palm Beach, for appellee.
LETTS, Chief Judge.
This appeal evolves from a buyer's successful suit for specific performance under a standard real estate contract which provided for attorney's fees to the prevailing party. However, although the buyer prevailed as to performance, the court denied the attorney's fees because:
Attorney's fees are denied since no evidence relating to a reasonable fee was presented and there was no stipulation that the question of attorney's fees should be reserved for a later hearing. Costs may be taxed upon proper motion. The Court notes that no pretrial conference was held between the parties as previously ordered by the court and there was thus no discussion between the parties relating to the court dealing with the question of attorney's fees other than at the final hearing.
We reverse.
The problem presented here is not a new one. Uncertain as to the solution thereof, most experienced trial lawyers, unless they stipulate otherwise, put on their proof for attorney's fees during the course of the trial. They thus treat the fee issue just as if it were any other item of damages, expressly to avoid the specter that here materialized. This particular trial judge was formerly just such an experienced trial lawyer and his reaction to the failure of proof and lack of an ordered pretrial conference[1] was not only understandable, but indeed we though it correct until reading the recorded decisions for ourselves. Even after doing that, we still feel that maybe the trial judge should be correct, but under existing case law he apparently is not.
For example, the Third District in Marrero v. Cavero, 400 So.2d 802 (Fla. 3d DCA 1981), pet. for rev. den., 411 So.2d 383 (Fla. 1981), not only upheld the presentation of the attorney's fee issue in a contract case after judgment, but added that there was no need to even plead it! As Judge Dell pointed out in his special concurrence in Brown v. Gardens By The Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983), both of the cases relied on by the Third District involved statutory authority for attorney's fees and neither involved contract provisions for same. However, as the majority in the Gardens opinion pointed out, that distinction may not have *966 been meaningful. See also Ocala Music and Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980).
What is inescapably meaningful, is that even this court has approved presentation of proof concerning attorney's fees after judgment despite the absence of a stipulation to do so. True, none of our cases are on all fours and all have their particular twist of facts which may have influenced the result. In Brown v. Gardens By The Sea South Condominium Association, supra, for instance, our Court found estoppel because behavior on both sides was tantamount to implied consent. In Washington v. Rodgers, 201 So.2d 636 (Fla. 4th DCA 1967), we held that statutory attorney's fees need not be pled. Later we held in Hartford Accident & Indemnity Company v. Smith, 366 So.2d 456 (Fla. 4th DCA 1978), and in McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978), that the order reserved jurisdiction to award past but not future attorney's fees.
However, a common thread in all four of the opinions, cited in the preceding paragraph, is the continuing proposition that attorney's fees, under appropriate circumstances, can be proved up after final judgment. This being so we believe it would work a manifest injustice to deny them here and accordingly we reverse the trial judge's ruling.
We do not perceive this to be an unhappy result. To require each side to be put to the proof when both cannot prevail is a waste of time. Furthermore, one of the factors to be considered in arriving at the amount of a reasonable fee is the outcome. That is obviously an easier task after the fact.
We would be remiss in not referring to the opposite view expressed in Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976), and Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982). Once again these two latter cases can be factually distinguished inasmuch as they concern jury rather than non-jury proceedings. However, we believe the principle involved to be identical.
Accordingly, perceiving conflict with our sister courts and in any event deeming the matter to be of great public importance, we hereby certify the following question.
WHERE ATTORNEY'S FEES ARE PLED IN A SUCCESSFUL SUIT FOR SPECIFIC PERFORMANCE UNDER A REAL ESTATE CONTRACT PROVIDING FEES FOR THE PREVAILING PARTY, CAN THE PROOF OF SAME BE PRESENTED FOR THE FIRST TIME AFTER FINAL JUDGMENT IF JURISDICTION TO DO SO IS REQUESTED?
In answering the above, we hope the Court will also address the question of whether the issue of attorney's fees must be pled, which we certainly think it should be, and also the question of whether it makes any difference whether the fees are allowable by statute as distinct from the terms of the contract.
Finally, although not necessary to our conclusion, we are reliably informed that many lawyers do not realize that questions do not automatically proceed upwards to the Supreme Court merely because we certify them. The losing party at our level still has to exercise the initiative and go forward, otherwise the questions die for lack of appropriate presentation.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
BERANEK and WALDEN, JJ., concur.
NOTES
[1] We note parenthetically that the Uniform Pretrial Procedure required in the Fifteenth Judicial Circuit was not followed due to the absence of the seller's attorney, resulting in a unilateral pretrial statement from the buyer.