478 So.2d 405 (1985)
Gregorio MACHADO and Sounds S.R.L., Appellants,
v.
FOREIGN TRADE, INC., Jerry Fleischman and Alejandro Litman, Appellees.
Nos. 84-1937 to 84-1940.
District Court of Appeal of Florida, Third District.
November 5, 1985.
Rehearing Denied January 15, 1986.
*406 Sibley, Giblin, Levenson & Glaser and Irving Levenson and Allen J. Smith, Miami Beach, for appellants.
*407 Caron Balkany Goldstein and Harvey M. Goldstein, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Sounds S.R.L. appeals a final judgment entered on a jury verdict as well as post-judgment orders awarding attorney's fees and interest.[1] We affirm in part and reverse in part.
Although the facts were hotly contested at trial, we must view the evidence in a light most favorable to sustaining the jury verdict. A business relationship existed between Foreign Trade, Inc.,[2] a Florida corporation, and Sounds S.R.L.,[3] a Venezuelan corporation. Foreign Trade would acquire merchandise in the United States and ship it to clients in Venezuela obtained by Sounds. After doing business with Foreign Trade for several months, Sounds owed Foreign Trade approximately $85,000. Although Sounds was the maker of three promissory notes obligating it to pay the money owed, it did not have the funds on hand to honor its obligations. Since Foreign Trade was in need of the money, not an uncollectible judgment, it agreed to extend the time for payment and execute a promissory note in favor of Sounds, which Sounds could discount with some banker friends of Sounds' principal for immediate cash. In return Sounds agreed to repay the bankers before the note came due and return the note to Foreign Trade. In a letter agreement, Sounds acknowledged its obligations and that the note from Foreign Trade was made without consideration. Immediately after receiving the note, however, Sounds negotiated it to a third party contrary to its agreement with Foreign Trade. Foreign Trade was sued by the third party for collection and incurred losses. Foreign Trade, in the present lawsuit, sued Sounds for fraud in the inducement seeking compensatory and punitive damages.
In addition, Foreign Trade sought recovery on two promissory notes executed by Sounds along with attorney's fees, provided for in the notes, and interest. During the course of the trial, Foreign Trade requested that the issues of attorney's fees and interest relating to the two notes be bifurcated and heard by the trial court after the jury verdict was rendered. Sounds objected to the bifurcation and continued its demand for jury trial on all issues so triable. Nevertheless, the trial court granted Foreign Trade's request for bifurcation.
The jury returned a verdict against Sounds on the fraud count, awarding Foreign Trade $15,000 in compensatory damages and $500,000 in punitive damages. The jury also returned verdicts in favor of Foreign Trade on the two promissory notes. Subsequently, the trial court awarded Foreign Trade $25,000 in attorney's fees and $33,512.11 in prejudgment interest pursuant to the verdicts on the notes.
Sounds first challenges the award of punitive damages.[4] Its sole argument on appeal is that the evidence adduced at trial, at most, established an intentional breach of contract, and, therefore, punitive damages were not recoverable. We disagree. Compensatory and punitive damages are recoverable for fraud in the inducement and an action may be based upon oral or written representations in the form of contractual promises or statements of present intention. Haendel v. Paterno, 388 So.2d 235, 238 (Fla. 5th DCA 1980); *408 Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 721 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973). The ultimate decision as to whether the acts complained of as fraudulent inducement were intentional and amounted to fraud rests with the jury. Haendel, 388 So.2d at 238; Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465, 467 (Fla. 3d DCA 1969). In the present case, the jury was instructed on fraud and specifically found fraud on the part of Sounds. Where, as here, there is substantial and conflicting evidence on the issue, which includes evidence that Sounds negotiated the note immediately upon its receipt, the finding of the jury should not be disturbed. Haendel, 388 So.2d at 238.
We also reject Sounds' argument that the trial court erred in refusing to allow a witness called by Sounds to testify as an expert. Although the witness was a qualified document analyst, the basis of his ultimate opinion did not involve document analysis. Sounds sought to elicit the witness's opinion that the letter agreement, relied upon by Foreign Trade, was not bona fide. The letter in question was typed in Spanish and there is no evidence as to who typed it or where it was typed. The basis for the witness's opinion concerned the spelling, spacing, and placement or construction of the contents of the letter.[5] First, it does not appear that this is an area in which the jury would be aided in their factual determination by the testimony of an "expert." Second, even if we were to assume that expert testimony would have been beneficial to the jury on the issue presented, the witness conceded that he was not an expert in the style of typing or letter construction typical for Latin American businesses, such as Sounds. Proffered expert testimony is properly excluded when, as here, the witness himself concedes he is not an expert in the matter. See Warriner v. Doug Tower, Inc., 180 So.2d 384 (Fla. 3d DCA 1965), cert. denied, 192 So.2d 493 (Fla. 1966), cert. denied, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967). Furthermore, the comparison letters the expert was going to rely upon were never introduced into evidence nor were they ever proffered to the court by Sounds. Accordingly, Sounds has failed to establish reversible error in the trial court's determination that the proffered witness could not testify as an expert.
We do agree with Sounds, however, that the trial court erred by bifurcating the trial and, thus, taking the issue of attorney's fees away from the jury. Attorney's fees provided for in a contract are properly recoverable as part of the damages in an action for breach of that contract and, as such, are to be determined by the jury where the case is tried by jury, absent some agreement or stipulation between the parties to the contrary.[6]Commodore Plaza at Century 21 Condominium Association v. Cohen, 350 So.2d 502, 505 (Fla. 3d DCA 1977) and cases cited, cert. denied, 362 So.2d 1051 (Fla.), dismissed, 362 So.2d 1051 (Fla. 1978). In the present case, Sounds clearly did not acquiesce in the bifurcation of the trial. In fact, Sounds' counsel pointed out to the trial court that the issues of attorney's fees and interest were triable before the jury, that the bifurcation would lead to reversible error, and objected to removing the issues from the jury's consideration. Accordingly, it was error for the court to take the issue of attorney's fees away from the jury.
Although Commodore Plaza would appear to support Sounds' argument with regard to prejudgment interest as well, we reach a different conclusion based on a recent supreme court decision. In Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the supreme court *409 indicated that prejudgment interest is an element of damages "as a matter of law" and that once a verdict liquidates damages as of a date certain, computation of prejudgment interest is purely a ministerial duty of the trial judge or the clerk of the court. The supreme court held that no finding of fact was necessary and, therefore, "the finder of fact should not consider the time-value of money in its consideration of damages." 474 So.2d at 215. Accordingly, the trial court did not err in the present case by removing the issue of prejudgment interest from the jury's consideration.
Finally, we find Sounds' last point, that the court erred in failing to dismiss the suit as to Foreign Trade, Inc., because it was involuntarily dissolved for failure to file an annual report, see § 607.357(6), Fla. Stat. (1983), to be without merit. Cf. Town of Davie v. Hartline, 199 So.2d 280, 282 (Fla. 1967) (actions by corporations should not be dismissed for failure to pay taxes pursuant to the statute if the default is remedied before final disposition of the case). In the present case, Foreign Trade cured the omission prior to final judgment being entered.
Accordingly, the order awarding attorney's fees is reversed; in all other respects, the final judgment and orders appealed are affirmed; the cause is remanded for a jury trial on attorney's fees.
NOTES
[1] Sounds also noticed for appeal the post-judgment order awarding costs, but has abandoned any argument on that order.
[2] Foreign Trade, Inc. is a Florida corporation whose principals are Jerry Fleischman and Alejandro Litman. Any reference to Foreign Trade herein includes the corporation and its principals.
[3] Sounds S.R.L. is a Venezuelan corporation whose principal is Gregorio Machado. Any reference herein to Sounds includes the corporation and its principal.
[4] Sounds does not challenge the $15,000 compensatory award on the fraud count.
[5] Sounds admitted the signature on the letter but claimed the page was signed while blank and Foreign Trade had typed the letter above the signature. Suffice it to say there was conflicting evidence on this point and the jury resolved the conflict against Sounds.
[6] We recognize that a conflict exists in the districts on this issue. See Taggart Corp. v. Benzing, 434 So.2d 964 (Fla. 4th DCA 1983) (reaching the opposite conclusion with regard to attorney's fees and certifying the question to the supreme court).