511 So.2d 977 (1987)
Alan CHEEK, Petitioner,
v.
McGOWAN ELECTRIC SUPPLY CO., Respondent.
No. 68563.
Supreme Court of Florida.
July 16, 1987.
*978 M. Stephen Turner, of Culpepper, Pelham, Turner & Mannheimer, Tallahassee, for petitioner.
William C. Owen, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for respondent.
PER CURIAM.
We have for review Cheek v. McGowan Electric Supply Co., 483 So.2d 1373 (Fla. 1st DCA 1985), in which the district court certified five questions as being of great public importance. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve the decision below.
This action arose in connection with a promissory note to McGowan Electric, as payee, which was executed by general contractor, Cheek, and electrical subcontractor, Thomas Cook. The note was given in satisfaction of a sum owing for electric supplies purchased by Cook from McGowan under a credit arrangement in which Cheek acted as a guarantor for credit purchases made by Cook to be used on Cheek's job.
The questions certified involve: 1) an award of attorney's fees to McGowan as provided for under the promissory note and 2) the denial of Cheek's motion for costs made pursuant to rule 1.442, Florida Rule of Civil Procedure. The questions certified do not deal with the respective liability of the parties under either the guarantee agreement or the promissory note. Under the unique facts of this case, which may be ascertained from the district court's opinion below, we find no error in the trial court's apportionment of liability. Therefore, we *979 decline further discussion of this matter in this opinion.[1]

ATTORNEY'S FEES.
First, we address the attorney's fee issue. Under the promissory note sued upon, Cheek agreed to pay "all costs, including a reasonable attorney's fee" incurred in connection with the collection of the note. In a post-judgment motion McGowan sought fees as provided for under the note. The trial court originally denied the motion because McGowan had failed to present the issue to the jury. However, upon reconsideration, relying specifically on Taggart Corp. v. Benzing, 434 So.2d 964 (Fla. 4th DCA 1983), the trial court reversed its position and awarded fees to McGowan. On appeal, the district court affirmed the award of attorney's fees, holding, contrary to several other district courts, Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192, 1194 (Fla. 2d DCA 1976); Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985); Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982), that attorney's fees predicated upon a provision in a contract may be awarded upon proof presented after a final judgment. The district court certified the following question:
WHERE ATTORNEY'S FEES ARE PLED IN A SUCCESSFUL SUIT FOR RECOVERY PURSUANT TO A PROMISSORY NOTE, AND THE NOTE PROVIDES THAT THE MAKER SHALL PAY "REASONABLE ATTORNEY'S FEES," MAY THE PROOF OF SUCH FEES BE PRESENTED FOR THE FIRST TIME AFTER FINAL JUDGMENT PURSUANT TO A MOTION FOR ATTORNEY'S FEES BY THE PREVAILING PARTY?
483 So.2d at 1381.
We have recently answered this question in the affirmative in Parham v. Price, 499 So.2d 830 (Fla. 1986). Consistent with our decision in Parham, we reject Cheek's contention that under article I, section 22 of the Florida Constitution he has a right to a jury determination of reasonable attorney's fees as provided for under the note. In Mid-Contintent Casualty Co. v. Giuliano, 166 So.2d 443 (Fla. 1964), this Court held that the right to a jury trial on the issue of attorney's fees did not exist under the common law and, therefore, there was no such right preserved under section 3 of the Declaration of Rights of the Florida Constitution, the predecessor to article I, section 22. While that case involved an award of attorney's fees authorized by statute, the holding was not predicated on the distinction between statutorily and contractually authorized attorney's fees. Therefore, we hold that proof of attorney's fees whether such fees are provided for by statute, see Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), or by contract may be presented for the first time after final judgment pursuant to a motion for attorney's fees, as was done in this case.
The district courts of appeal which have held that contractually authorized attorney's fees are subject to jury trial do so on the premise that the attorney's fees are recoverable as a part of the damages. We differ with that conclusion because the recovery of attorney's fees is ancillary to the claim for damages. A contractual provision authorizing the payment of attorney's fees is not part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation. In fact, an attorney's fee can only be recovered after the determination of the prevailing party has been made.
McGowan also seeks attorney's fees in connection with this proceeding.[2] Cheek argues that fees are not authorized in connection with this proceeding because the *980 provision at issue does not expressly provide for appellate fees. We do not agree and find that McGowan is entitled to fees incurred in defending the judgment in its favor in this Court. Section 59.46, Florida Statutes (1985) provides that "[i]n the absence of an expressed contrary intent, any provision of a statute or of a contract ..., providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal." (emphasis added). We find this statute applicable even though the fee provision in question was unilateral in nature providing for fees to McGowan incurred in connection with collection of the note. Attorney's fee clauses in security agreements, such as the promissory note at issue, are "to protect and indemnify [the holder of the note] against expenditures necessarily made or incurred to protect his interest." Blount Brothers Realty Co. v. Eilenberger, 98 Fla. 775, 777, 124 So. 41, 41 (1929). As recently noted by an Indiana court, "[w]here the disappointed maker of a note pursues, and loses, in appellate proceedings, legal expenses incurred by the holder of the note defending the judgment on appeal are also reasonably necessary to protect collection rights." Parrish v. Terre Haute Savings Bank, 438 N.E.2d 1, 3 (Ind. App. 1982).
We grant McGowan's motion for attorney's fees and remand this case to the trial court for a determination of reasonable attorney's fees incurred by McGowan in connection with the proceedings before this Court.

OFFER OF JUDGMENT
On March 19, 1980, fifteen days prior to the first trial in this case,[3] Cheek served McGowan with an offer of judgment, pursuant to Florida Rule of Civil Procedure 1.442, for $4,500 plus interest and costs. On the ordered discovery cutoff date, Monday, March 24, 1980, ten days before trial, Cheek hand-delivered an "amended offer of judgment" for $7,500 plus interest and costs. Neither offer was accepted prior to the first trial. Cheek did not renew either offer of judgment nor did he serve a new offer of judgment prior to the second trial. McGowan's ultimate recovery after the second trial was $7,223.93 plus interest. The trial court denied Cheek's demand for costs under rule 1.442, finding that the offers of judgment made prior to the first trial were "not effective" as to the second trial. On appeal, the district court disapproved the trial court's reason for denial of costs but affirmed the denial based on its conclusion that the offer of $7,500 was not timely served.
On rehearing the district court certified the following questions in connection with the offer of judgment:
1. WHETHER AN AMENDED OFFER OF JUDGMENT RELATES BACK TO THE DATE OF SERVICE OF THE ORIGINAL OFFER OF JUDGMENT FOR PURPOSES OF THE TIME REQUIREMENTS IN RULE 1.442, FLORIDA RULES OF CIVIL PROCEDURE?
2. WHETHER, WHEN THE ELEVENTH DAY BEFORE TRIAL FALLS ON A [SUNDAY], HAND DELIVERY OF AN OFFER OF JUDGMENT ON THE FOLLOWING MONDAY IS EFFECTIVE UNDER RULE 1.442, FLORIDA RULES OF CIVIL PROCEDURE?
3. WHETHER AN OFFER OF JUDGMENT HAND-SERVED ON THE [TENTH DAY] BEFORE TRIAL IS VALID WHERE THE PARTIES HAVE AGREED BY PRETRIAL ORDER THAT THE DISCOVERY CUTOFF DATE SHALL BE THE [TENTH DAY] BEFORE TRIAL?
4. [WHETHER AN OFFER OF JUDGMENT TIMELY MADE BEFORE A FIRST TRIAL WILL OPERATE TO SAVE THE OFFEROR COSTS FROM THE TIME OF THAT OFFER IF, IN A SUBSEQUENT TRIAL AFTER REVERSAL AND REMAND, THE OFFEREE OBTAINS A JUDGMENT EQUAL TO *981 OR LESS THAN THE SUM OFFERED?] (RESTATED).
483 So.2d at 1382.
We answer the fourth question, as restated, in the affirmative but answer the other three questions in the negative. We therefore, approve the district court's disposition of this issue on appeal.
Rule 1.442, Florida Rules of Civil Procedure, provides in pertinent part:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment... . If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay costs incurred after the making of the offer.
(Emphasis added).
In its initial decision, the district court below concluded that the fourth question certified should be answered in the affirmative. The district court reached this conclusion by construing the phrase "judgment finally obtained" in rule 1.442 to mean "a judgment which has disposed of the case and become final after all rights to appellate review have been exhausted." 483 So.2d at 1380. We agree with this construction and find it consistent with the advisory committee notes to Federal Rule of Civil Procedure 68 after which Florida's rule 1.442 was modeled.[4] Thus, since McGowan's ultimate recovery of $7,223.93 after the second trial was less favorable than the $7,500 offer of judgment made prior to the first trial, if that offer of judgment was timely and thus effective, Cheek would be entitled to costs from the date of that offer.
Cheek maintains that his offer of judgment for $7,500 was timely because it was entitled "amended offer" and thus would relate back to the original offer. We cannot agree. The purpose of rule 1.442 is to encourage settlements and eliminate trials whenever possible by imposing cost sanctions against an offeree who fails to accept a timely offer which equals or exceeds the amount of the offeree's ultimate recovery. As noted by McGowan, there are two critical time components operating under rule 1.442. Under the first, the offer must be served "more than ten days before the trial begins". The second component allows an offeree to serve written notice that the offer is accepted "within ten days after service of it." These time requirements operate to ensure that an offeree has an adequate time after service and before trial commences to consider the offer. Although successive offers are expressly countenanced by rule 1.442, so-called "amended offers" which "relate back" to an original timely offer have no place in the offer of judgment scheme. A requirement that all offers of judgment, even those entitled "amended," must be served more than ten days prior to the trial to be considered timely under rule 1.442 ensures that an offeree who may ultimately be taxed costs for his failure to accept has adequate time to consider an offer. To allow an amended offer to relate back to an original offer would cause this rule to operate in an unreasonably harsh manner by possibly placing the offeree in the position of either accepting a last minute "amended" offer or facing the possibility of liability for costs. Therefore, we answer the first question certified in the negative and hold that an amended offer of judgment does not relate back to the date of service *982 of the original offer of judgment; such an amended offer will be considered as a successive offer which must be served more than ten days prior to trial to be considered timely under rule 1.442.
Cheek next contends that the March 24 offer was timely served under the time computation provisions of rule 1.090(a), Florida Rules of Civil Procedure, which provides in pertinent part:
In computing any period of time prescribed or allowed by these rules ... the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday.
Cheek takes the position that because the eleventh day before trial fell on a Sunday he had until the end of the next day, Monday, March 24th to serve the offer. To employ this computation rule in the manner urged by Cheek would be contrary to the express requirement of rule 1.442 that an offer of judgment be served "at any time more than ten days before trial begins." If the computation rule were employed to shorten the time between service of the offer and the beginning of trial, an offeree accepting the offer "within ten days after service," as allowed by rule 1.442, could conceivably accept the offer after the trial had begun. Such a result is clearly contrary to the implicit requirement of rule 1.442 that the offer be accepted, if at all, prior to trial. Further, rule 1.090(a) provides "the last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday." To determine the last day which service may be timely made under rule 1.442 it is necessary to count backwards from the day of trial which is the event from which the designated period of time begins to run under that rule. A literal application of this provision, under the facts of this case, would require service no later than Friday, March 21, which is the next day counting backwards from the trial date which is more than ten days before the date and not a Saturday, Sunday or legal holiday. For these reasons it is apparent that rule 1.090(a) cannot be applied to the express time requirements set forth in rule 1.442 in the manner urged by Cheek.
Cheek next argues that by hand delivering the offer of judgment on Monday, March 24th, he was in "substantial compliance" with the time requirements of Rule 1.442, because if he had served the offer by mail on the eleventh day before trial, McGowan would have received it "a day or two later than the day of actual receipt." Rule 1.442 requires an offer of judgment to be served more than ten days prior to trial. Rule 1.080(b), Florida Rules of Civil Procedure, provides that service may be made by hand delivery or by mail. Rule 1.442 makes no distinction between hand delivery or delivery by mail. We deline to read a substantial compliance exception into the express time requirement found in rule 1.442. We therefore answer the second question certified in the negative and hold that when the eleventh day before trial falls on a Sunday, hand delivery of an offer of judgment on the following Monday is not timely under rule 1.442.
We also answer the third question certified dealing with the discovery cutoff date in the negative. There is nothing in rule 1.442 linking its time requirements with the discovery cutoff date set in a given case. For many of the same reasons we answered questions one and two in the negative, we decline to read such a connection into this rule.
In conclusion, we agree with the district court that Cheek's "amended offer" of $7,500 made on the tenth day before trial was untimely and thus was invalid and of no effect. Cheek was, therefore, not entitled to costs.
Accordingly, we approve the decision below, grant McGowan's motion for attorney's fees in connection with this proceeding *983 and remand to the trial court for a determination of reasonable attorney's fees incurred by McGowan in connection with this proceeding.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which BARKETT, J., concurs.
EHRLICH, Justice, concurring in part, dissenting in part.
I concur with the majority opinion as it relates to the offer of judgment issue. However, I dissent from that portion of the opinion holding that there is no right to a jury determination of reasonable attorney's fees as provided for by contract; I believe that there is such a right under article I, section 22 of the Florida Constitution.
The majority bases its holding on our recent decision in Parham v. Price, 499 So.2d 830 (Fla. 1986). In Parham, we relied on our decision in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), to approve the district court's holding that "when a prevailing party has properly pleaded entitlement to attorney's fees pursuant to the terms of a contract, the proof of such fees may be presented for the first time after final judgment pursuant to a motion for attorney fees." 499 So.2d at 830. I acknowledge my concurrence in the Parham decision; however, upon reconsideration, I believe our reliance on Finkelstein was misplaced. Finkelstein did not address the issue at hand but rather involved a statutory award of attorney's fees under section 768.56, Florida Statutes (1981), which expressly provided that "[e]xcept as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party."
It is clear that there is no right to a jury trial, under either article I, section 22 of the Florida Constitution or the seventh amendment of the United States Constitution, on the issue of attorney's fees provided for by statute. See Empire State Insurance Co. v. Chafetz, 302 F.2d 828 (5th Cir.1962) (a statutory right to attorney's fees "in no way resembles a suit at common law"); Mid-Continent Casualty Co. v. Giuliano, 166 So.2d 443 (Fla. 1964). However, I cannot agree with the majority that this rule extends to claims for attorney's fees based on a bargained for provision in a contract. At least one federal circuit court has expressly recognized a right to a jury trial on the issue of contractual attorney's fees under the seventh amendment to the United States Constitution. See F.H. Krear & Co. v. Nineteen Named Trustees, 776 F.2d 1563 (2d Cir.1985) (where attorney's fees are a contractually stipulated element of damages, there is a right to a jury trial on the fee issue, if such trial is demanded and the right is not otherwise waived.); but see, A.G. Becker-Kipnis & Co. v. Letterman Commodities, Inc., 553 F. Supp. 118 (N.D.Ill. 1982) (claim for costs and attorney's fees predicated on contract is equitable rather than legal in nature and therefore there is no right to a jury trial on this issue). This differing treatment appears to be justified by the fact that a post-judgment motion for attorney's fees authorized by statute presents a "collateral and independent" claim which is raised incident to the underlying cause of action. See Finkelstein, 484 So.2d at 1243; Empire State Insurance Co., 302 F.2d at 830. A claim for attorney's fees predicated on a contract, on the other hand, arises from the contract itself and is an integral part of the damages sought.
The district courts of appeal which have concluded that proof of reasonable attorney's fees, when such fees are provided for by contract, must be presented to the jury reached this conclusion by reasoning that attorney's fees predicated on a contract become an element of damages which must be determined by the jury, as is the case with any other element of damages. Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192, 1194 (Fla. 2d DCA 1976); Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985); Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982). This Court *984 has characterized an attorney's fee provision in a promissory note as contract of indemnity. See Sarasota Publishing Co. v. E.C. Palmer & Co., 102 Fla. 303, 135 So. 521 (1931); Blount Brothers Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41 (1929). Whether attorney's fees provided for by contract are considered stipulated damages sought in connection with a breach of the main contract or as damages recoverable under the indemnity provisions of the contract, I would recede from our decision in Parham and hold that, like any other damages recoverable in an action at law, reasonable attorney's fees provided for by contract are to be decided by a jury, unless there is a stipulation to the contrary or such right has been otherwise waived. Therefore, I respectfully dissent from that portion of the decision holding otherwise.
BARKETT, J., concurs.
NOTES
[1] McGowan also raises several collateral issues which we decline to address.
[2] It appears McGowan was denied attorney's fees by the district court below because the petition for attorney's fees failed to state "the ground upon which recovery is sought" as required by rule 9.400(b), Fla.R.App.P. Cheek v. McGowan Electric Supply Co., 483 So.2d 1373, 1382 (Fla. 1st DCA 1985).
[3] The first judgment in this case which was entered by the trial court without a jury was reversed and the case was remanded for a new trial before a jury. Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981).
[4] "It is implicit [under Federal Rule 68] that as long as the case continues  whether there be a first, second or third trial  and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered." Committee Note of 1946 Amendment to Rule of Federal Civil Procedure 68; see also 7 Moore's Federal Practice §§ 68.01[4] and 68.06.