**In re Stephen Alan GOLDMAN, Debtor.**

**Bankruptcy No. 88–00547–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 17, 1989.

Marika Toly, Hollywood, Fla., trustee.

Jack F. Weins, Hollywood, Fla., for trustee.

Arnold M. Strauss, Jr., Pembroke Pines, Fla., for Braun & May Realty, Inc.

### ORDER ON TRUSTEE'S OBJECTION TO SECURED CLAIM OF BRAUN AND MAY REALTY, INC.

A. JAY CRISTOL, Bankruptcy Judge.

This cause was brought on to be heard at a hearing on September 18, 1989. The trustee and Braun and May Realty, Inc., have agreed that the judgment dated October 15, 1987, is a secured claim. The parties dispute whether the Amended Final Judgment dated November 19, 1987, which awarded the fees and costs, is secured or whether it constitutes a preference because a certified copy was recorded within 90 days of the filing of the petition.

The Final Judgment was based on a brokerage commission on a written contract which provides for the award of reasonable attorney's fees. The Final Judgment expressly reserved jurisdiction to award fees and costs. The recovery of attorney's fees is ancillary to the claim of damages and can only be recovered after determination of the prevailing party. *Cheek v. McGowan Electric Supply*, 511 So.2d 977 (Fla. 1987).

Florida Law has recognized as follows:

Where property is subject to the lien of a claim on which a Judgment is subsequently rendered, the lien of the judgment relates back to the inception of the prior lien.

*McClellan v. Solomon*, (1887) 23 Fla. 437, 2 So. 825; *Fla.Jur.* 2d "Judgments and Decrees" Section 197. *McClellan* held that a judgment lien relates back to the date of levy on a writ of attachment. Also see *Stockton v. National Bank*, 45 Fla. 590, 34 So. 897 (1903). Similarly, a judgment for foreclosure sets the amount of the lien, but the lien itself is based on the date of the recording of the mortgage. A mortgage creates a lien even though the amount owed including fees is judicially determined after the recording of the mortgage.

*In re Hogg*, 76 B.R. 735 (Bkrtcy.D.S.D. 1987) recognized that an appellate determination that the amount of a previous judgment should be increased is not a transfer. According to the Court:

The appellate court in the instant case only determined what was actually due and owing the bank on the trial date.

*id*, pg. 743.

There is no principled difference between *Hogg* and the present case. In this case, judgment was entered more than 90 days prior to the filing of the petition. The Court later entered its "Amended Final Judgment", which increased the amount of the original judgment. The increase in the judgment does not constitute a preference.

The trustee's objection is hereby denied.

DONE and ORDERED.