ERVIN, Judge,
dissents.
I respectfully dissent. The rule is firmly established that the judge of compensation claims’ findings and conclusions, even in the face of conflicting evidence, will be affirmed if such findings and conclusions are permitted by any view of the evidence and its permissible inferences. Gomez v. Neckwear, 424 So.2d 106, 108 (Fla. 1st DCA 1982) (en banc). The question then is whether there was any evidence supporting the judge’s finding of a causal relationship between the employee’s death from lung cancer and his employment. In my judgment there was.
The majority rejects the judge’s finding that the decedent was exposed to asbestos during his employment with the employer/carrier (e/c). The record discloses that Jack D. Keener, the owner of Keener Construction Company, when asked whether the decedent had ever worked at any phosphate mine sites where asbestos was used, replied that he remembered a job site at which the tanks were lined with asbestos, but he did not recall whether Simpson had worked on that particular site. If this were the only evidence pertaining to the question of whether the decedent was exposed to asbestos during his employment with Keener, I could agree with the majority that there was no competent, substantial evidence supporting the crucial finding. The inference that Simpson may have been involved in the use of materials that were composed of asbestos fibers, however, is supported by other evidence.
The employee’s wife testified that her husband told her that he had been exposed to asbestos and that he knew this because a foreman had told him so. Mrs. Simpson’s hearsay testimony was not objected to and the rule is clear that in an absence of a proper objection, the hearsay evidence becomes competent proof of the facts recited. Rinker Materials Corp. v. Hill, 471 So.2d 119, 120 (Fla. 1st DCA 1985). Additionally, Mrs. Simpson stated that her husband had come home with asbestos on his clothing during a one-month period either in March *1141 or September 1987, a time when she believed that her husband was installing insulation on behalf of the employer in a Publix supermarket located in Haines City. The company’s time records reflect that Simpson worked at a Publix store from January through February and from June through September 1987. In my view, this testimony, along with that of Mr. Keener, constitutes competent, substantial evidence from which the judge below could quite properly base a finding that claimant had been exposed to asbestos during his employment with appellant.
The majority also alludes to the fact that none of the treating physicians indicated that the cancer from which the employee suffered was related to asbestos exposure. However, Dr. Inga Himelright, one of Simpson’s treating physicians, referring to Cecil’s Textbook of Medicine, stated that asbestos exposure is associated with an increase in all types of lung cancer. Moreover, she testified that squamous cell carcinoma, the type of lung cancer for which Simpson was diagnosed, could be caused by asbestos exposure. When the above testimony is combined with that of Dr. New-burg, a specialist in internal medicine, a discipline that includes oncology, who opined that the employee’s, lung cancer was probably related to both tobacco and asbestos exposure, I consider that medical causation was adequately established.
In reaching its conclusion that there was no medical evidence supporting the finding that the cause of the employee’s death was related to asbestos exposure, the majority also states “that the period of exposure was too closely related in time to the onset of the disease to allow for the development of the cancer.” Majority opinion, at 1139. In so concluding, the majority has misinterpreted the effect of the last-injurious-exposure rule, codified at Section 440.151(5), Florida Statutes, (1989). This rule provides that once it is determined that claimant has a compensable occupational disease, “the employer in whose employment the employee was last injuriously exposed to the hazards of such disease ... shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier[.]”
The record discloses that Keener Construction Company employed Mr. Simpson from December 14, 1983 through October 1987, and that Simpson first sought medical treatment for his disease, which was subsequently diagnosed as lung cancer, in September 1987. Although there is a conflict among jurisdictions that have addressed the question of the amount of exposure necessary to determine whether the substance can be deemed injurious, the traditional rule is that as long as there was some exposure of a kind which could have caused the disease, the last insurer at risk is liable for all disability associated with the disease. 4 A. Larson, The Law of Workmen’s Compensation § 95.26(a), at 17-191-192 (1990). In his text, Professor Larson cites Wood v. Harry Harmon Insulation, 511 So.2d 690, 693 (Fla. 1st DCA 1987), review denied, 520 So.2d 584 (Fla. 1988), in which this court stated that in order to meet the second criterion of an occupational disease — the requirement that the disease must be actually contracted during employment in the particular occupation — it is not necessary for a claimant to prove that the last injurious exposure to the hazard actually caused the disease; the claimant need only prove that the employer against whom benefits were claimed was the employer at the time of the employee’s last injurious exposure. It is immaterial that the employee may have actually contracted the disease while working for a prior employer. Later, in Wuesthoff Memorial Hospital v. Hurlbert, 548 So.2d 771, 774-75 (Fla. 1st DCA 1989), we reaffirmed the above rule, stating: “A specific incident of exposure need not be proven if, as in the case at issue, all elements of the occupational disease test have been proven.” More recently, in Florida Power Corp. v. Stenholm, 511 So.2d 977 (Fla. 1st DCA 1991), we observed that “it is not the prolonged nature of the exposure that is determinative ... [of the issue whether the employee was injuriously exposed to a harmful substance], but rather the issue of whether the exposure arose out of and in the course of employment, and was of such *1142 an extent as to take it out of the realm of hazards to which people in general are exposed.” The court continued that “a single exposure certainly would present no obstacle to compensability given adequate ev-identiary proof of causation and facts satisfying the requirement that the hazard be greater than normal.” Id. at 981. Thus, an injurious exposure may be satisfied “by a showing of any exposure — either a single dose exposure or a repeated exposure.” Id.
Although the majority at bar concedes that the medical evidence relating to the cause of claimant’s lung cancer was conflicting, it nevertheless reverses the order outright and directs that an order be entered finding that the disease was not com-pensable. This conclusion in my judgment is incorrect. The Florida Supreme Court has long since stated that whether a claimant has carried the burden of proving that he suffered from an occupational disease is a question that could correctly be decided by the trier of fact upon conflicting evidence and any such finding should not be reversed unless shown to be clearly erroneous. Wesley v. Warth Paint & Hardware Co., 52 So.2d 346 (Fla.1951). This court in numerous cases has similarly stated that it is the function of the judge of compensation claims to determine the credibility of witnesses and accept the testimony of one physician over others; and that his discretion in this regard should not be disturbed unless the medical testimony fails to meet the test of the substantial evidence rule. Koulias v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989); Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988), review denied, 544 So.2d 199 (Fla.1989); Griffith v. McDonalds, 526 So.2d 1032 (Fla. 1st DCA 1988).
It is true that we have also remanded in cases where the judge has failed to give reasons for his rejection of conflicting medical testimony, if his or her findings are not apparent from the record or if the order appears to have overlooked or ignored evidence in the record. See Allied Parcel Delivery v. Dixon, 466 So.2d 439 (Fla. 1st DCA 1985); Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). Neither of those two circumstances is applicable, however, in the case at bar.
Although the judge below did not specifically state in his order why he accepted Dr. Newburg’s opinion over that of others, the record, in my judgment, adequately discloses why he did so. Notwithstanding that Dr. Newburg was not the employee’s treating physician, he was a specialist in the oncology field and was clearly qualified to give an opinion. Nevertheless, if the majority strongly believes that the record is unclear in this regard, it appears to me that at the very most the case should be remanded for the judge to articulate his reasons for rejecting the opinions of the other physicians.
Finally, while I agree with the majority that the judge incorrectly applied the presumptions set forth in Section 440.26, Florida Statutes (1989), to a claim for death benefits resulting from an occupational disease, I regard the application of such presumptions as only harmless error, in that the order, fairly considered, appears to reach the conclusion, independent of the erroneous application of the statute, that Simpson’s lung cancer was the direct result of asbestos exposure during his employment with Keener Construction Company.
At any event, if there remains any lingering question whether the judge’s order was influenced by the application of the statute, I consider — similar to the issue relating to conflicting medical evidence — that the case should only be remanded to the judge to give specific findings whether he would have reached the same result despite his erroneous application of the statutory presumptions.