[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11534; 15-13041
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02453-MSS-EAJ

SEQUOIA FINANCIAL SOLUTIONS, INC.,

Plaintiff - Appellant,

versus

SYLVIA L. WARREN,
DONALD WARREN, SR.,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 17, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Sequoia Financial Solutions, Inc. ("Sequoia") filed an amended complaint against Sylvia L. Warren and Donald Warren Sr. ("the Warrens"), seeking to foreclose on a property.  Sequoia argued that the Warrens defaulted on a note to which Sequoia claims to have been assigned.  After a one-day bench trial, the district court concluded that Sequoia failed to establish that it owned the note and thus dismissed the action without prejudice because Sequoia lacked standing.  Sequoia now appeals the district court's orders awarding attorneys' fees to the Warrens and denying Sequoia's amended motion for reconsideration,[1] as well as several other of the district court's orders.[2]  Upon review of the record and consideration of the parties' briefs, we affirm.[3]

I.

When attorneys' fees are authorized, we review the district court's decision to award fees for abuse of discretion.  *Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1318 (11th Cir. 2001).  We review for an abuse of discretion a district court's ruling upon a Rule 59(e) motion to alter or amend a judgment and a Rule

---

[1]  Sequoia styled this motion as an "amended motion for reconsideration and/or alter/amend orders" under Fed. R. Civ. P. 59 and 60.  We will refer to it as the motion for reconsideration.

[2]  Previously this Court dismissed as untimely Sequoia's appeal of the district court's orders denying Sequoia's motion for summary judgment, dismissing Sequoia's case, and directing the clerk to return the original note to Sequoia's counsel.  We also dismissed several claims as premature, although those claims are now before us because we consolidated this case with another case making timely claims.

[3]  As we write for the parties, we set out only what is necessary to address Sequoia's arguments.

60(b) motion for relief from a final judgment. *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1238 (11th Cir. 2012); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

## II.

## A.

Sequoia argues that the district court abused its discretion in awarding attorneys' fees to the Warrens. We disagree.

In diversity cases such as this one, the right to attorneys' fees is determined by reference to state law. *See All Underwriters v. Weisberg,* 222 F.3d 1309, 1311 (11th Cir. 2000). The Warrens seek attorneys' fees under a Florida statute providing that, "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." Fla. Stat. § 57.105(7). The award of attorneys' fees under § 57.105(7) is mandatory for the prevailing party. *Holiday Square Owners Ass'n, Inc. v. Tsetsenis*, 820 So. 2d 450, 453 (Fla. 5th DCA 2002).

The note and mortgage at issue in this case provided that the holder/lender would be entitled to "reasonable attorneys' fees" incurred in enforcing those agreements. Because both agreements contained a provision allowing for the

3

holder/lender to collect attorneys' fees in enforcing them, the Warrens as the borrowers may receive attorneys' fees under § 57.105(7) because they prevailed when the district court dismissed the case.

Sequoia contends that the district court should not have awarded attorneys' fees because the Warrens failed to preserve their claim for fees. Federal Rule of Civil Procedure 54(d)(2) gives the district court the authority to award attorneys' fees after a party makes a motion, "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Sequoia's argument rests on the assumption that the Warrens' requested attorneys' fees are a type of damages. However, under Florida law, "the recovery of attorney's fees is ancillary to the claim for damages." *Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987). As the Florida Supreme Court explained, "[a] contractual provision authorizing the payment of attorney's fees is not part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation." *Id.* In Florida, attorneys' fees authorized pursuant to a contract "may be presented for the first time after final judgment pursuant to a motion for attorney's fees" and are not subject to a jury trial. *Id.* Florida law thus did not require the Warrens to plead attorneys' fees before trial or to prove them at trial.

4

Because the attorneys' fees in this case are not damages, the Warrens needed only to comply with Rule 54 and the district court's local rules. Rule 54(d) requires a party seeking attorneys' fees to file a motion "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The district court's local rules require all claims for costs or attorneys' fees to be "preserved by appropriate pleading *or* pretrial stipulation" and to be reasserted "by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." M.D. Fla. Local R. 4.18 (emphasis added). The Warrens complied with these requirements when they included their request for attorneys' fees in their answer to Sequoia's complaint and made a timely request for attorneys' fees after the judgment.

Sequoia's remaining arguments focus on how the district court calculated the fee award in this case. The district court calculated reasonable attorneys' fees using the "lodestar" method, taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Sequoia disputes both the number of hours expended and the hourly rate.

Sequoia claims that the district court erred in awarding the Warrens attorneys' fees without hearing expert testimony regarding the reasonableness of the Warrens' attorneys' hourly rate. However, Sequoia failed to raise this

5

argument either in its objections to the magistrate judge's report and recommendation or in its motion for reconsideration of the order awarding attorneys' fees. We generally do not consider arguments raised for the first time on appeal in civil cases. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004). Accordingly, we decline to consider Sequoia's argument about the reasonableness of the fees because Sequoia raised it for the first time on appeal. *See id.*

Sequoia also argues that the district court erred in calculating the amount of fees it awarded. Sequoia objects to the time Warren's attorney billed for consultations with a non-attorney, Richard Cantwell, who previously was sanctioned for illegally providing tax advice. But the Warrens hired Cantwell as their agent and instructed their lawyer to communicate directly with Cantwell regarding the case. Sequoia points to no authority that prevents a lawyer from charging for time spent communicating with a client's agent. Because the district court did not abuse its discretion in awarding attorneys' fees to the Warrens, we affirm the district court's order.

## B.

Sequoia argues that the district court abused its discretion in denying its amended motion for reconsideration of the orders dismissing the case and awarding the attorneys' fees. The district court did not abuse its discretion in

denying Sequoia's motion either under Federal Rule of Civil Procedure 59 or 60.
*See Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir. 1988)
(stating that "this Court will characterize a motion as one under Rule 59 or Rule
60, depending on the type of relief requested.").

First, Sequoia's motion was untimely under Rule 59.  A party may alter or
amend a judgment under Rule 59, but that motion "must be filed no later than 28
days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A court must not
extend the time to act under" Rule 59(e).  Fed. R. Civ. P. 6(b)(2).  Sequoia filed its
motion for reconsideration 30 days after the order awarding attorneys' fees and
nine months after the order dismissing the action.  Although Sequoia argues that it
should benefit from an additional three days for service by mail per Rule 6(d), we
have held that the three-day extension is inapplicable to service deadlines under
Rule 59(b), which is identical to the service provision under 59(e).  *Cavaliere v.
Allstate Ins. Co.*, 996 F.2d 1111, 1113-14 (11th Cir. 1993).  Thus, it was not an
abuse of discretion for the district court to deny the motion for reconsideration as
untimely under Rule 59.

Second, Sequoia provided insufficient support to prevail under Rule 60.
Under Rule 60(b)(6), a party may receive relief from a judgment or order for "any
other reason that justifies relief" that is not enumerated in Rule 60(b)(1)-(5).  Fed.
R. Civ. P. 6(b)(6).  "An appeal of a ruling on a Rule 60(b) motion . . . is narrow in

scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.*

Sequoia failed to establish that its circumstances were so extraordinary to entitle it to relief from the orders dismissing the case and awarding the attorneys' fees. In fact, Sequoia makes no argument as to why we should vacate the district court's order other than the legal arguments it made in district court. Because we find no extraordinary circumstances, "we cannot say that it was an abuse of discretion to deny the motion on the basis of that section." *Id.*

### III.

We affirm each of the appealed orders of the district court.[4]

---

[4] Sequoia appeals the district court's denial of Sequoia's motion to extend the time for filing a notice of appeal, which the district court discussed in the order denying the motion for reconsideration. We need not address that issue, however, because it is moot. *See Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997) ("A case

**AFFIRMED.**

---

becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

Sequoia also contends that the district court judge should have recused herself because her spouse was opposing counsel in another action involving Sequoia. Sequoia admits that it is raising this issue for the first time on appeal. Almost four months after the district court dismissed the case, Sequoia provided notice to the district court judge about the potential conflict but specifically did not seek recusal. Because Sequoia failed to seek recusal in the district court, we review the district court's implicit decision not to recuse *sua sponte* only for plain error. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Sequoia's contention that the district court judge was biased because of her spouse's connection to a separate case is insufficient to create a "significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). Thus, the district court judge did not plainly err in failing to *sua sponte* recuse herself.

Sequoia further appeals several of the district court's orders either granting the Warrens' motions for leave to reply or denying Sequoia's motions for leave to reply. We affirm each of these orders based on the district court's inherent authority "to exercise its managerial power to maintain control over its docket." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004).

9