United States Court of Appeals, Eleventh Circuit.

No. 95-2807.

Robert B. REICH, Secretary of Labor, Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;  Jacksonville Shipyards, Inc., Respondents.

Jan. 7, 1997.

Petition for Review of an Order of the Occupational Safety and Health Review Commission. (OSHRC No. 92-888), Stuart E. Weisberg, Judge.

Before EDMONDSON, Circuit Judge, FAY, Senior Circuit Judge, and ALDRICH[*], Senior District Judge.

EDMONDSON, Circuit Judge:

This appeal raises the question whether a proceeding for civil penalties under the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651-678, becomes moot when an employer permanently ceases doing business.  Because we conclude that this case is not moot, we vacate the order of dismissal and remand for further proceedings.

I. *Background*

Jacksonville Shipyards, Inc. ("JSI") was formerly engaged in the ship repair business in Florida.  In August 1991, two JSI employees were killed in a work-related fall at JSI's Mayport Naval Station facility.  The Secretary of Labor (the Secretary) issued citations totaling $692,000, including citations for alleged willful violations leading directly to the deaths.  JSI contested the citations and the proposed penalties.  The Occupational Safety and Health Commission (the Commission) assigned the case to an

---

[*]Honorable Ann Aldrich, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation.

Administrative Law Judge (ALJ) for hearing and disposition.

By November 1992, JSI had released almost all of its workforce, retaining only a small number of administrative employees to wind-up; and it had sold almost all of its assets. At this time, JSI filed a motion with the ALJ seeking to have the case dismissed as moot. The ALJ granted the motion.

The Secretary petitioned the Commission to review the decision. The Commission, in a two to one decision, concluded that an OSHA citations proceeding is moot where the employer has terminated its employees and where there is no likelihood of resuming the employment relationship. The dissenting commissioner maintained that an employer's voluntary cessation of illegal conduct does not render a proceeding moot, because the citation is based on the employer's status at the time the violation occurred. The case was remanded to the ALJ to determine whether JSI was still an "employer" under OSHA.

On remand, the ALJ dismissed the case as moot based on an unrebutted affidavit of JSI's president that all employees had been terminated. The Secretary petitioned the Commission to review the ALJ's decision, and the Commission denied review. The ALJ's second dismissal of the case became a final order of the Commission, and the Secretary appealed.

## II. *Discussion*

A case becomes moot "when the issues presented are no longer "live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950-51, 23 L.Ed.2d 491 (1969). The Commission made a legal

determination that the OSHA proceeding was "moot" in the ordinary sense—that is, no live case or controversy—of that word. [1]   In general, a case does not become moot by a party's cessation of allegedly illegal conduct.  *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953);  *Atlantic States Legal Foundation v. Tyson Foods,* 897 F.2d 1128, 1135 (11th Cir.1990).   The Supreme Court has recognized an exception to this principle in certain cases where injunctive relief is sought. *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979).  A claim for injunctive relief may become moot if:

> (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*Id.,* at 631, 99 S.Ct. at 1383 (internal quotations and citations omitted).

Appellee JSI urges us to decide mootness for civil money penalties under the standard set forth in *Davis* for injunctive relief.  JSI advances these points:  (1) that the proceedings are moot because its cessation of business means that the violations

---

[1] We decide the case before us and the issues it raises.  By the way, we do not independently decide today that Article III mootness principles necessarily control administrative agency tribunals.  *See generally Climax Molybdenum Co. v. Secretary of Labor, MSHA,* 703 F.2d 447, 451 (10th Cir.1983) ("[A]n agency possesses substantial discretion in determining whether the resolution of an issue before it is precluded by mootness. However, in exercising this discretion, an agency receives guidance from the policies that underlie the "case or controversy' requirement of Article III.");  *Tennessee Gas Pipeline Co. v. Federal Power Commission,* 606 F.2d 1373, 1380 (D.C.Cir.1979) ("The limitations imposed by Article III on what matters federal courts may hear affect administrative agencies only indirectly.").

cannot recur and the effects of the violations have been eradicated; and (2) that JSI can have no liability under OSHA because it is no longer an "employer" within the meaning of the Act.

We know—to say the least—that, in general, claims for money do not become moot as a result of the defendants' acts following the occurrence giving rise to the claims. [2] Courts have traditionally treated monetary relief claims differently than injunctive relief claims for the purpose of mootness challenges. *See, e.g. Tyson,* 897 F.2d at 1134; *Powell,* 395 U.S. at 496 n. 8, 89 S.Ct. at 1951 n. 8; *Castaneda v. Dura-Vent Corp.,* 648 F.2d 612, 615 (9th Cir.1981). We reject the appellee's suggestion that we use the mootness analysis for injunctive relief to decide whether a money penalty claim is moot. Unlike injunctive relief which addresses only ongoing or future violations, civil penalties address past violations; liability attaches at the time the violation occurs. *See, e.g., Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.,* 890 F.2d 690, 696 (4th Cir.1989) (liability for civil penalties "is fixed by the happening of an event ... that occurred in the past.").

We are guided by our decision in *Atlantic States Legal Foundation, Inc. v. Tyson Foods, Inc.,* 897 F.2d 1128 (11th Cir.1990). In *Tyson,* a private plaintiff brought an action for civil penalties under the Clean Water Act, 33 U.S.C. § 1365,

---

[2]At oral argument, we asked counsel for JSI whether he was aware of a decision which had considered a money claim to have become moot as a result of the defendant's own acts. He responded, "I do not know of any such cases which hold that, your Honor. We searched, and we could not find any."

against the defendant corporation for violations of permit limitations on the discharge of pollutants. After the complaint was filed, but before trial, the defendant began complying with the limitation requirements. The district court dismissed the case as moot because the defendant was no longer in violation of the Act. We reversed, holding that "the mooting of injunctive relief will not moot the request for civil penalties as long as such penalties were rightfully sought at the time the suit was filed." *Id.* at 1134. *Accord Atlantic States Legal Foundation, Inc. v. Pan American Tanning Corp.,* 993 F.2d 1017, 1021 (2d Cir.1993); *Natural Resources Defense Council v. Texaco Refining & Marketing, Inc.,* 2 F.3d 493, 503 (3d Cir.1993); *Gwaltney,* 890 F.2d at 696-97.

JSI argues that the facts of this case are distinguishable from a case such as *Tyson* where the employer has come into compliance with the statute but remains in business. In those post-complaint compliance cases, JSI asserts, there is a risk that the wrong will be repeated; but the risk does not exist where the employer has ceased all operations.

JSI's argument does not fit the reasoning in *Tyson.* In *Tyson,* we did not base our decision on a determination that the defendant corporation continued to operate and, therefore, presented a risk of future violations. Although injunctive relief was mooted because "the allegedly wrongful behavior could not reasonably be expected to recur," we held in *Tyson* that the claim for civil penalties was *not* moot. *Id.* at 1134.

JSI also argues, and the Commission agreed, that JSI is no longer an "employer" for purposes of OSHA. *See* 29 U.S.C. § 652(5)

(defining "employer" as person engaged in business who has employees). This argument fails because, for purposes of civil money penalties, a tribunal looks to the employer's status at the time of the violation, not at the time of trial. *See, e.g. Gwaltney,* 890 F.2d at 696-97 (characterizing past violations as "the only possible basis for assessing a penalty"). Accepting the Commission's view of mootness would mean the existence of a "case or controversy" is dependent on an employer's post-violation acts as well as the date a tribunal sets for a hearing in the proceedings. This innovative view seems to inject unneeded confusion into traditional mootness principles. We agree with the Secretary's view of the pertinent statute, 29 U.S.C. § 666: JSI was an "employer" when the OSHA violations occurred as well as when JSI received citations, and it remains one for the proceedings to assess the penalties arising from the citations.

Although we do not rely much on OSHA-related policy considerations in deciding this case, we think our decision is consistent with the policies that OSHA was enacted to advance. We expect that to adopt JSI's proposed rule for mootness would frustrate the purpose of OSHA. OSHA was enacted to "assure so far as possible every working man and woman in the Nation safe and healthful working conditions...." 29 U.S.C. § 651(b). Because of the large number of workplaces which OSHA must regulate, relying solely on workplace inspections is an impractical means of enforcement. We accept that OSHA must rely on the threat of money penalties to compel compliance by employers. *See Atlas Roofing Co. v. OSHRC,* 518 F.2d 990, 1001 (5th Cir.1975) *aff'd,* 430 U.S. 442, 97

S.Ct. 1261, 51 L.Ed.2d 464 (1977) (OSHA penalties act as "pocket-book deterrence").

To let the cessation of business by an employer render a civil penalty proceeding moot might greatly diminish the effectiveness of money penalties as a deterrence. Employers in violation of OSHA could become complacent in the knowledge that future civil penalties could be avoided by ceasing operations on the eve of the Commission hearing. Violators would be encouraged "to delay litigation as long as possible, knowing that they will thereby escape liability even for post-complaint violations, so long as violations have ceased at the time the suit comes to trial." *Tyson,* 897 F.2d at 1137. We worry about creating an economic incentive to avoid a penalty by going out of business and, perhaps, then reincorporating under a different name.

More important, employers who were going out of business for ordinary commercial reasons would have little incentive to comply with safety regulations to the end if monetary penalties could be evaded once the business quit altogether. As long as a business operates, it should feel itself to be effectively under the applicable laws and regulations—even on the last day. And, the continuing potential of penalties—more so than injunctive relief—makes these feelings real.[3]

Because the Commission's dismissal for mootness was not in accordance with the law, we vacate the Commission's order and

---

[3]We understand that criminal penalties can be sought for some violations. We doubt that those kinds of penalties will or should face most employers who violate OSHA. So, we do not believe the existence of possible criminal penalties has much impact on the mootness question presented here.

remand for further proceedings.[4]

        VACATED and REMANDED.

---

[4]We do not rule out today that JSI's having ceased to do business might be important to the amount of penalties;  the appropriate amount is for the Commission to set.