**Scott ADDISON, Douglas O'Brien, and Arjay Sutton, Plaintiffs,**

v.

**The FOREST SERVICE OF THE U.S. DEPARTMENT OF AGRICULTURE, Horace E. Dean, Jr., in his official capacity as Sheriff of Marion County, and George E. Knupp, Jr., in his official capacity as Sheriff of Lake County, Florida, Defendants.**

No. 5:98–CV–53–OC10.

United States District Court,
M.D. Florida,
Ocala Division.

July 17, 2000.

Scott C. Addison, St. Louis, MO, plaintiff pro se.

Lawrence G. Walters, David A. Wasserman, Wasserman & Walters, Winter Park, FL, for Douglas O'Brien, plaintiff.

Arjay S. Sutton, Hawthorne, FL, Lawrence G. Walters, pro se.

Reginald Luster, U.S. Attorney's Office, Jacksonville, FL, for U.S. Department of Agriculture Forest Service, defendant.

Caroline Anne Falvey, for Horace Edward Dean, Jr., appearing specially in his official capacity as Sheriff of Marion County, Florida, defendant.

## ORDER

HODGES, District Judge.

This case is before the Court on the Defendant, the Forest Service of the United States Department of Agriculture,'s motion for summary judgment (Doc. 72). The Plaintiff has failed to file a response. For the reasons set forth below, the Court has concluded that the motion is due to be Granted.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Scott Addison takes part in "Rainbow Gatherings" in the Ocala National Forest. Rainbow Gatherings are public assemblies where individuals "gath-er to exchange views and/or worship together in communion and to pray for world peace in the cathedral of nature." *See Second Amended Complaint* (Doc. 35). Addison was originally one of three Plaintiffs who initiated this action on February 13, 1998, seeking to enjoin the use of roadblocks and vehicle searches that impeded access to the Ocala National Forest.[1] The Court declined to treat the Plaintiffs' request for injunctive relief as a motion for temporary restraining order and instead construed it as a motion for preliminary injunction. Prior to a hearing on the motion, the Plaintiffs filed an amended complaint (Doc. 6). A hearing was then held on the motion, and on February 25, 1998, Judge Schlesinger entered an order granting preliminary injunctive relief against the Forest Service (Doc. 14). At that time, Judge Schlesinger found that the evidence adduced at the hearing "**strongly suggests that Defendant Forest Service has selectively targeted its enforcement efforts against Plaintiffs, and that its actions may not, at least in some instances, be in accordance with the Fourth Amendment to the Constitution of the United States.**" *See Order* (Doc. 14, pg.2). The Court therefore enjoined the United States Forest Service from "**establishing or participating in roadblock 'safety checks' in the Ocala National Forest except to ensure that the possession or operation of motorized vehicles on a Forest Service road is not in violation of the laws of the United States or the State of Florida....**" The Court further enjoined the Defendant from "**making any motor vehicle stops and/or searches for criminal purposes without individualized exigent circumstances or other proper and articulable individualized suspicion or probable cause as the United States Constitution so requires.**" *See id.*

---

1. On February 2, 2000, Plaintiffs O'Brien and Sutton filed a notice of voluntary dismissal without prejudice (Doc. 71). Plaintiff Addison is thus the sole remaining Plaintiff in this case and has elected to proceed pro se.

Subsequently, on March 5, 1998, Judge Schlesinger entered an order transferring this case to the Ocala division (Doc. 16). On April 16, 1998, the parties stipulated to the entry of the same preliminary injunctive relief as to the Sheriff Defendants. The Plaintiffs then filed a second amended complaint on December 23, 1998 (Doc. 35). On October 25, 1999, the parties filed a stipulation (Doc. 55) for permanent injunction as to the Sheriff Defendants (Dean and Knupp). Plaintiffs O'Brien and Sutton then filed a notice of settlement as to Defendant Forest Service. On November 16, 1999 however, the Forest Service filed a notice (Doc. 58) stating that the parties had failed to reach an agreement as to the exact language in the Stipulation for Compromise Settlement. The Forest Service then filed a motion to reopen the case which was granted (Doc. 66). On February 2, 2000, Plaintiffs O'Brien and Sutton filed a notice of voluntary dismissal without prejudice (Doc. 71). As a result, Addison is the sole remaining Plaintiff and has elected to proceed pro se.

On February 3, 2000, the Forest Service filed a motion (Doc. 72) for summary judgment, arguing that due to its adoption of the Forest Service Vehicle Checkpoint Policy, which it alleges fully complies with the preliminary injunction entered by Judge Schlesinger, no case or controversy presently exists between Plaintiff Addison and the Forest Service. Or, stated another way, the Plaintiff cannot demonstrate entitlement to permanent injunctive relief because there is no continuing likelihood that the Plaintiff will be subjected to unconstitutional searches by the Defendant in the future. By order entered February 25, 2000, the Court gave Plaintiff Addison up to and including April 4, 2000 to file a response to the summary judgment motion. Cognizant of the Plaintiff's pro se status,[2] the Court then granted Plaintiff an

additional extension, until May 15, 2000, to file his response. By order entered June 14, 2000, however, the Court declined to grant the Plaintiff any further extensions. The Court thus now proceeds to the merits of the Defendant's motion.

## II. DISCUSSION

The entry of summary judgment is appropriate when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-moving party." *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). The moving party bears the initial burden of establishing the non-existence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant is successful on that score, the burden of production shifts to the non-moving party who must them come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth*, 833 F.2d 1525 (11th Cir.1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

In support of its motion, the Defendant has submitted the declaration of Michael Donaldson, Special Agent with the U.S. Department of Agriculture Forest Service and as of January 1999, the Incident Commander for the FY–99 Peak Visitor Use Plan.[3] Donaldson attests that on Septem-

---

2. The Plaintiff was given the caution required by the law of this Circuit to be afforded to pro se litigants opposing motions for summary judgment (Doc. 75).

3. Donaldson states that as Incident Commander he "was responsible for organizing and maintaining a law enforcement cadre that provided protection and ensured the safety of the forest visitors as well as protected

ber 30, 1998, the Forest Service adopted the National Vehicle Checkpoint Policy ("the Policy"), a copy of which has been submitted by the Defendant. (Doc. 72, Exh. A). The Defendant contends that the provisions of this policy comply with the requirements of the preliminary injunction; and that because this policy has been officially adopted by the Forest Service, there is no longer a viable case or controversy between the Plaintiff and the Forest Service.

As a threshold matter, all those seeking to invoke the jurisdiction of the federal courts must satisfy Article III's case or controversy requirement.[4] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). A case or controversy, once initiated, becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). A case generally does not become moot however, merely because a Defendant voluntarily ceases the allegedly illegal conduct. *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Nonetheless, the Supreme Court has recognized an exception to this principle in certain cases where a party seeks purely injunctive relief. *Reich v. Occupational Safety and Health Review Commission*, 102 F.3d 1200, 1201 (11th Cir.1997) (citing *Davis*, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642). The distinction between claims for equitable relief and those for damages is due to the fact that injunctive relief is intended to remedy present or ongoing violations. *Reich*, 102 F.3d at 1202. Thus, a request for injunctive relief may become moot if: (1) "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."

In applying these criteria to the case at hand, the Court concludes that Addison's claim for permanent injunctive relief has become moot, and that as a result, a viable case or controversy no longer exists. The adoption of the National Vehicle Checkpoint Policy, if adhered to by the Defendant, is sufficient to assure the Plaintiff, and those similarly situated, that constitutional rights will be respected, and the Defendant, as a governmental entity, is entitled to a presumption that its affairs will be lawfully and constitutionally conducted in accordance with the newly published policy.[5] The Plaintiff has offered no evidence suggesting otherwise and there is no need for further injunctive relief in *this* case. If, of course, the Defendant does not follow its new policy or otherwise violates the Plaintiff's Fourth Amendment rights in carrying out future checkpoint searches, the Court will be open to receive and adjudicate such claims; the judgment in this action will have no future preclusive effect.

The Defendant's motion for summary judgment (Doc. 72) is Granted and the Clerk is directed to enter judgment dismissing the Complaint as moot.

IT IS SO ORDERED.

---

the natural resources of the Florida National Forests." Donaldson Declaration (Doc. 74, pg.2).

4. The Court notes that the proper inquiry here is not whether the Plaintiff has standing but rather whether the case is now moot.

5. A "carefully considered decision of a co-equal and representative branch of our Government" is entitled to a "heavy presumption" of constitutionality. *United States Department of Labor v. Triplett*, 494 U.S. 715, 721, 110 S.Ct. 1428, 1432, 108 L.Ed.2d 701 (1990), citing *Walters v. National Assn. of Radiation Survivors*, 473 U.S. 305, 319, 105 S.Ct. 3180, 3188, 87 L.Ed.2d 220 (1985).