[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13836
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00922-WKW-SRW

PAUL HARD,

                                                Plaintiff - Appellee,

versus

ATTORNEY GENERAL, STATE OF ALABAMA,

                                                Defendant,

PAT FANCHER,

                                                Intervenor - Defendant -

                                                Appellant,

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 20, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pat Fancher appeals the dismissal of this case and the distribution of proceeds from a wrongful death settlement from her son's estate to his spouse, Paul Hard. She argues that, because the State of Alabama declined to recognize her son's marriage to Hard at the time of her son's death, she is entitled to the remaining portions of the wrongful death settlement under Alabama law of intestate succession. Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

Paul Hard and David Fancher were married in Massachusetts on May 20, 2011. The couple returned home to Alabama after their wedding. At that time, Alabama refused to recognize same-sex marriages under the state's Sanctity of Marriage Amendment. Ala. Const. Art. I, § 36.03.

On August 1, 2011, David Fancher was traveling on the interstate when his vehicle collided with a United Parcel Service ("UPS") tractor trailer. He died that day. Fancher's death certificate indicated that he was "Never Married," and the space for the name of the "Surviving Spouse" was left blank.

In 2012, David Fancher's estate filed a wrongful death lawsuit against UPS. Although David Fancher had named Hard as the sole beneficiary of his will,

2

Alabama law dictates that estates disburse wrongful death proceeds according to the laws of intestate succession regardless of whom the deceased named as beneficiaries. Ala. Code. § 6-5-410(c). If there are no children, but there is at least one surviving parent, a surviving spouse receives the first $100,000 plus one half of the balance of the wrongful death proceeds. *See id.* § 43-8-41(2). If there is also no surviving spouse, the estate passes to the parents. *See id.* § 43-8-42(2).

In December 2013, Hard filed this lawsuit against various Alabama state officials and the administrator of David Fancher's estate seeking, among other relief: (1) a declaration that Alabama's laws prohibiting the recognition of lawful same-sex marriages was unconstitutional and an injunction requiring Alabama officials to recognize marriages of same-sex couples entered in other jurisdictions; (2) an injunction requiring Alabama to correct David Fancher's death certificate to reflect his marriage to Hard; and (3) an injunction ordering David Fancher's estate to distribute the spousal share of any wrongful death settlement to Hard. Pat Fancher sought to intervene in the case, arguing that, as David Fancher's mother, she was entitled to the full proceeds from the wrongful death settlement because Hard was not David Fancher's surviving spouse. The district court granted her unopposed motion to intervene.

In February 2014, the administrator of David Fancher's estate agreed to set aside the spousal share of any proceeds from the wrongful death suit until the

district court determined whether Hard was David Fancher's surviving spouse. Several months later, the estate settled with UPS. The estate's administrator paid about half of the wrongful death proceeds, after attorneys' fees, to Pat Fancher because neither party disputed that as David Fancher's mother she was due those proceeds under Alabama law. The administrator held in a private trust the settlement's spousal share, totaling over half a million dollars, pending the outcome of this lawsuit.

A district court in the Southern District of Alabama declared Alabama's same-sex marriage ban unconstitutional on January 23, 2015. *Searcy v. Strange*, 81 F. Supp. 3d 1285 (S.D. Ala. 2015). On February 9, 2015, the Alabama State Registrar of Vital Statistics issued an amended death certificate recognizing David Fancher's marriage to Hard. Shortly thereafter, the district court permitted the administrator of the estate to intervene in this case for the limited purpose of paying the disputed settlement proceeds from the private trust into the court's registry.

In March 2015, the district court stayed this case pending the United States Supreme Court's resolution of *Obergefell v. Hodges*, which considered the constitutionality of state bans on same-sex marriage. Three months later, the Supreme Court held that same-sex marriage is a fundamental right under the United States Constitution. *Obergefell v. Hodges*, 135 S. Ct. 2584, 2604 (2015).

4

After *Obergefell*, Hard moved to lift the stay of the case and to disburse to him the spousal share of the settlement proceeds. Shortly thereafter, the Alabama Attorney General moved to dismiss the case on the ground that the claims against him were moot. The Attorney General explained that Hard already had received the relief he sought against the Attorney General because (1) the Attorney General already was subject to (and complying with) an injunction that prohibited him from enforcing Alabama's same-sex marriage ban; (2) the Supreme Court's decision in *Obergefell* held that the Fourteenth Amendment required states to issue marriage licenses to same-sex couples; and (3) the State of Alabama had issued an amended death certificate reflecting David Fancher's marriage to Hard. In essence, the Attorney General argued, the district court could no longer enter any effective relief.

On July 15, 2015, the district court granted Hard's motion to lift the stay and to disburse the funds. At the same time, the district court granted the Attorney General's motion to dismiss the case for mootness and denied the pending motions for summary judgment without reaching the merits.

The next day, Pat Fancher filed a Motion to Set Aside Order of Dismissal in which she argued that unless *Obergefell* applies retroactively, the amended death certificate was invalid. She contended that because Alabama law did not recognize David Fancher's marriage at the time of his death, she was entitled to the entirety

of the wrongful death settlement.  The district court denied the motion and ordered the Clerk of Court to distribute the spousal share of the settlement proceeds to Hard.  The district court then entered a final judgment.  Pat Fancher appeals the final judgment and the orders dismissing the case, denying the motion to set aside the dismissal, and directing the disbursement of funds.

## II.

We review *de novo* a dismissal for mootness.  *See Nyaga v. Ashcroft*, 323 F.3d 906, 912 (11th Cir. 2003).  We review a district court's denial of a motion for reconsideration for an abuse of discretion.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).  And we review the district court's decision to release funds held in the court's registry for an abuse of discretion.  *See Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014) (reviewing for abuse of discretion the decision to allow a party to deposit disputed funds into the court's registry); *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 753 (11th Cir. 2002) (reviewing for abuse of discretion the denial of the release of funds pursuant to a preliminary injunction).

## III.

Pat Fancher argues that the district court erred in dismissing the case because under Alabama law Hard was not legally married to her son at the time of his death.  Specifically she contends that *Obergefell* is not retroactive and cannot

make a same-sex marriage that was illegal in 2011 legal for the purposes of a wrongful death settlement in 2014.

We need not address this argument. The district court dismissed the case on mootness grounds, yet Pat Fancher failed to raise any argument challenging this decision in her opening brief on appeal.[1] She did not "devote even a small part of [her] opening brief to arguing the merits of the district court's" decision to dismiss the case on mootness grounds. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In fact, the word "mootness" appears nowhere in her opening brief. Repeatedly, we have "refused to consider issues raised for the first time in an appellant's reply brief." *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). Because Pat Fancher abandoned on appeal any argument that the district court erred in dismissing the case on mootness grounds, we affirm the dismissal.

Even assuming Pat Fancher did not abandon her challenge to the district court's mootness determination, however, the district court committed no error in dismissing the case as moot. That is because Hard had received the relief he sought. *See Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997) ("A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

---

[1] We also note that she raised no challenge to the district court's mootness decision in the district court, despite filing a Motion to Set Aside Order of Dismissal.

(internal quotation marks omitted)).  Hard sought three forms of relief in his complaint.  First, he sought a declaratory judgment that Alabama's same-same sex marriage ban was unconstitutional and an injunction requiring Alabama state officials to recognize marriages of same-sex couples.  He received that relief after the Southern District of Alabama issued *Searcy* and the Supreme Court issued *Obergefell*.  Second, Hard sought an injunction requiring the State of Alabama to modify David Fancher's death certificate to reflect his marriage to Hard.  Hard received that relief when the Alabama State Registrar of Vital Statistics issued an amended version of David Fancher's death certificate.  Third, Hard sought to receive the spousal share of the wrongful death proceeds according to Alabama law.  He received that relief when the district court ordered that the proceeds be distributed to him.  Thus, the district court was left with no live controversy on which to rule.[2]

Pat Fancher also challenges the district court's order directing the Clerk of Court to disburse to Hard the spousal share of the wrongful death settlement.  We conclude there was no abuse of discretion because the district court properly applied Alabama law of intestate succession pertaining to surviving spouses.  Simply put, once the State of Alabama recognized Hard as the surviving spouse

---

[2] Similarly, there was no abuse of discretion when the district court denied Pat Fancher's Motion to Set Aside Order of Dismissal.  Functionally a motion for reconsideration, the motion failed to explain why the case was not moot despite Hard's receipt of the relief he sought.  Accordingly, we affirm the denial of that motion.

and the district court dismissed the case as moot, the court committed no abuse of discretion by disbursing the funds accordingly.

We affirm the district court's final judgment and orders dismissing the case, denying the motion to set aside the dismissal, and directing the disbursement of funds.

**AFFIRMED.**