# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 20-60380
Summary Calendar

Bank of Louisiana,

*Petitioner*,

*versus*

Federal Deposit Insurance Corporation,

*Respondent*.

Petition for Review of an Order of the
Federal Deposit Insurance Corporation
FDIC-12-489(b), FDIC-12-479(k)

Before Haynes, Willett, and Ho, *Circuit Judges*.
Per Curiam:[*]

The Bank of Louisiana petitions for review of a decision and order issued by the Federal Deposit Insurance Corporation's Board, which concluded that the Bank violated various banking laws and regulations. The Bank argues that the Administrative Law Judge that issued the order was

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60380

never properly appointed by the FDIC Board of Directors. But the Board passed a resolution doing just that in July 2018. To the extent the Bank argues that this resolution was somehow inadequate, that argument is forfeited for lack of adequate briefing. *See* Fed. R. App. P. 28(a)(8); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory."); *L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) ("[Appellant] cites no authority in its one-page argument . . . however, and we consider the challenge abandoned for being inadequately briefed.").

The Bank also argues that the order is moot because subsequent bank examinations suggest the Bank remedied its violations. The order imposes a civil money penalty and includes a cease-and-desist requirement. The money penalty keeps the controversy alive, even if the Bank has come into compliance. *See*, *e.g.*, *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1202 (11th Cir. 1997) ("[C]laims for money do not become moot as a result of the defendants' acts following the occurrence giving rise to the claims"); *Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd.*, 890 F.2d 690, 696 (4th Cir. 1989) ("[T]he [money] penalty factor keeps the controversy alive between plaintiffs and defendants in a citizen suit, even though the defendant has come into compliance"). Nor does a discontinuation of illegal practices render an FDIC cease-and-desist order moot. *See First Nat'l Bank v. Comptroller*, 697 F.2d 674, 683 (5th Cir. 1983); *Bank of Dixie v. FDIC*, 766 F.2d 175, 178 (5th Cir. 1985).

Alternatively, the Bank argues that it erroneously filed its petition for review with this court and asks us to transfer the case to the United States District Court for the Eastern District of Louisiana. We have twice rejected this argument. *See Bank of Louisiana v. FDIC*, 807 F. App'x 360, 362 (5th Cir. 2020) ("Because district courts lack jurisdiction to review FDIC enforcement orders, and because 28 U.S.C. § 1631 permits transfer only to a

transferee court that would have jurisdiction to hear the case, we deny the Bank's motion to transfer to the United States District Court for the Eastern District of Louisiana."); *Bank of Louisiana v. FDIC*, 919 F.3d 916, 924 (5th Cir. 2019) ("The Bank wisely concedes that the section 1818 scheme displays Congress' intent to preclude district court jurisdiction over claims against the FDIC arising out of enforcement proceedings. Our precedent virtually compels that concession.").

We deny both the Bank's petition for review and request to transfer the case.